**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARY COMANS,<br><br>Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,<br><br>Defendants. | ) | Case No. 1:25-cv-01237 (MSN/WEF) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME DUE TO LAPSE IN APPROPRIATIONS**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and for good cause shown, Defendants, by undersigned counsel, respectfully move for an extension of time equal to the total number of days that federal government operations are ceased due to a lapse in appropriations, for Defendants to file their response to Plaintiff's Complaint. The grounds for Defendants' Motion are as follows:

1. At 11:59 p.m. on September 30, 2025, the appropriation that had been funding the Department of Justice expired and appropriations to the Department lapsed.

2. Absent an appropriation, Department of Justice employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. Defendants' response to Plaintiff's Complaint is currently due on November 24, 2025.

4. Undersigned counsel have been informed that they have been furloughed during the lapse in appropriations. The undersigned have been *excepted* from furlough for the limited

purpose of fulfilling assigned supervisory and management responsibilities, and preparing this motion for an extension of time. But this limited exception does not extend to conducting particular cases assigned to the undersigned, unless a further exception to furloughed status is later approved.

5. Because it is unknown when funding will be restored, Defendants respectfully request that the Court extend the deadline to file their response to Plaintiff's Complaint commensurate with the total duration of the lapse in appropriations.[1]

6. The undersigned have conferred with Plaintiff regarding this motion. Plaintiff's position is as follows: that Plaintiff takes no position on the request for an extension generally; that Plaintiff objects to an extension of more than 20 days from the date of the end of the lapse; and that Plaintiff requests a response deadline of 45 days after the submission of the Government's motion to dismiss.

7. Defendants greatly regret any inconvenience that an enlargement of time would cause to the Court or to Plaintiff.

8. Defendants respectfully waive hearing on this motion.

9. A proposed order is attached for the Court's consideration.

//

//

//

[1] For example, because the lapse in appropriations began on October 1, 2025, and Defendants had a deadline on October 20, 2025, if appropriations were restored on October 22, 2025—meaning that an twenty-one-day lapse of appropriations had occurred (i.e., from October 1, 2025 to October 22, 2025)—Defendants respectfully request that they would be required to comply with the deadline by November 10, 2025.

Dated: November 10, 2025

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Fax: (703) 299-3983
Email: matthew.mezger@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER HALL
Assistant Branch Director

*/s/ Cesar Azrak*
CESAR AZRAK
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
Email: cesar.e.azrak@usdoj.gov

*Counsel for Defendants*