# EXHIBIT C

Case 1:25-cv-01237-MSN-WEF   Document 27-3   Filed 01/05/26   Page 1 of 5 PageID# 139

**U.S. Merit Systems Protection Board:
Frequently Asked Questions about the Lack of Quorum Period and
Restoration of the Full Board
UPDATED: April 9, 2025**

**1. How are the 3 Board members appointed?**

All Board members must be nominated by the President and confirmed by the Senate. Designation as Chairman is a separate nomination by the President which requires confirmation by the Senate. The President can designate a Vice Chairman with no additional Senate action required. In the absence of a confirmed Chairman, the Vice Chairman serves as the Acting Chairman. The Board members serve 7-year staggered terms and the terms continue to run and restart even if there is no incumbent. *See* 5 U.S.C. §§ 1201 and 1202; 5 C.F.R. § 1200.2.

**2. What was the 2017-2022 lack of quorum period and what is the current status of the Board?**

Between January 7, 2017, and March 3, 2022, the Board did not have a quorum of members and therefore could not vote on any petitions for review. The quorum was restored on March 4, 2022, when Raymond Limon and Tristan Leavitt were sworn into their duties as members of the Board. Cathy Harris was sworn into her duties as a member of the Board on June 1, 2022, and sworn into her duties as Chairman of the Board on March 14, 2024. She served as Chairman between March 14, 2024, and March 4, 2025, and served as Member between March 4 and 28, 2025, and between April 7 and 9, 2025.

Member Leavitt departed the Board following the expiration of his statutory term on February 28, 2023. Member Limon retired from the Board on February 28, 2025, upon the expiration of his statutory term.

Henry Kerner was sworn into his duties as a member of the Board on June 3, 2024. He was designated Vice Chairman by President Trump on February 11, 2025. Effective March 4, 2025, Mr. Kerner is the Board's Acting Chairman.

As of April 9, 2025, Acting Chairman Kerner is the sole serving Board member, and the Board is again without a quorum to vote on petitions for review. As explained below, however, the Board remains active in most respects.

**3. What is the impact of the current lack of quorum as of April 9, 2025?**

As explained above, the majority of the MSPB's adjudication work continues unaffected. Individuals may continue to file appeals and AJs will continue to adjudicate them and to issue initial decisions, which become final and judicially appealable if neither party files a petition for review with the Board.

If either party to an appeal wishes to file a petition for review with the Board, they may continue to do so. The Board's career staff continues to draft final decisions on those petitions for review, and Acting Chairman Kerner may continue to vote on them. However, the Board cannot issue final decisions on petitions for review until a quorum is restored.

**4. What was the impact of the 2017-2022 lack of quorum?**

The Board was unable to issue final decisions on petitions for review and other cases requiring Board vote between January 7, 2017, and March 3, 2022. *See generally* 5 U.S.C. § 1204(a); 5 C.F.R. § 1200.3. General information about the number of petitions for review pending as of time the quorum was restored is available in the e-FOIA Reading Room of MSPB's website.

**5. How did the Board handle the inventory of cases that developed during the 2017-2022 lack of quorum?**

Between March 4, 2022, and April 9, 2025, the Board issued 4,862 final decisions on petitions for review and other cases pending before it. The newly reconstituted Board in 2022 inherited a case inventory at headquarters of approximately 3,800 cases. The Board began issuing decisions quickly after the quorum was restored and focused initially on issuing a range of decisions in cases that, in its discretion, the Board deemed most critical, including precedential decisions or decisions that otherwise could affect many pending cases; decisions dismissing cases as settled; and many of the oldest cases then pending.

The Board issued decisions in all but 9 of these inventory cases between March 4, 2022, and April 9, 2025. Information about the Board's progress in deciding cases at the headquarters level and reducing the inherited inventory is available in the Board's e-FOIA Reading Room. Information about the Board's progress by fiscal year is available in the FY 2023 Annual Report and the forthcoming FY 2024 Annual Report.

**6. Could administrative judges (AJs) issue initial decisions when there was a lack of Board quorum or Board members?**

Yes, AJs continued to issue initial decisions during the 2017-2022 lack of quorum, pursuant to longstanding delegated authority. If neither party filed a petition for review to the MSPB, the AJ's decision became the final decision of the Board, which could then be appealed to an appropriate court or tribunal. *See* 5 U.S.C. § 7703. If either party filed a petition for review while MSPB lacked a quorum, a

Board decision could not be issued until a quorum of at least two Board members was restored.

**7.  Could the Board issue decisions on petitions for review without a quorum of Board members during 2017-2022?**

No.  Petitions for review received before January 7, 2017, and for which the voting process was not completed before the Board lost its quorum, could not be issued until a quorum was restored.  Petitions for review received after January 7, 2017, were acknowledged by the Office of the Clerk of the Board and processed according to current Board procedures.  The Board could not issue decisions on these petitions until a quorum was restored; but as explained above, has since issued decisions on nearly all of them.

**8.  Can the Board issue decisions on requests to withdraw petitions for review without a quorum?**

Yes.  Pursuant to the June 28, 2022 *Policy Regarding Clerk's Authority to Grant Requests to Withdraw Petitions for Review* (and its predecessor policy dated May 11, 2018), and the Board's 2011 Manual on Organization Functions and Delegations of Authority, the Clerk of the Board may exercise its delegated adjudicatory authority to "grant a withdrawal of a petition for review when requested by a petitioner."

**9.  How were appellants advised of their administrative appellate review or judicial options during the period in which there were no sitting Board members (March 1, 2019, through March 3, 2022)?**

A party's administrative and/or judicial appeal rights continued to be listed at the end of every initial decision.  If the appellant, the agency, or both filed a petition for review, it was acknowledged and processed by the Board, as explained above.  The petition for review filing deadlines were *not* tolled (i.e., stopped) during any lack of quorum.  This means that parties to a case who wished to file a petition for review must have done so within 35 days of issuance of the initial decision, as required by the Board's adjudicatory regulations at 5 C.F.R. § 1201.114.  However, the Board could not issue a decision until a quorum was restored by the nomination and confirmation of at least two Board members (which occurred on March 4, 2022).

If neither party to a case filed a petition for review, the AJ's initial decision became the final decision of the Board.  An appellant could choose to exercise his or her review rights, which may include an appeal to the U.S. Court of Appeals for the Federal Circuit, U.S. District Court, an appropriate circuit court of appeal, or the Equal Employment Opportunity Commission, depending on the type of appeal and claims raised.  *See* 5 U.S.C. § 7703.

4

The parties were informed of the Board's lack of a quorum in initial decisions, and in acknowledgment notices issued by the Office of the Clerk of the Board. If either party, or both parties, filed a petition for review with the Board, they were again informed of the lack of a quorum.

**10. Is there a point of contact for other questions?**

For further information, please contact the Office of the Clerk of the Board via email to mspb@mspb.gov or via phone at 202-653-7200. Additional information about the Board's organizational structure can be found on the website at www.mspb.gov, in its agency plans and annual reports, and in its current Organization Functions and Delegations of Authority.