# Exhibit 7

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

BRANDON JAROCH,

        Appellant,

        v.

DEPARTMENT OF JUSTICE,

        Agency,

    and

DIRECTOR OF THE OFFICE OF
   PERSONNEL MANAGEMENT,

        Intervenor.

DOCKET NUMBER
DA-0752-25-0328-I-1

DATE: AUGUST 22, 2025

Robert P. Erbe, Esquire, Tucson, Arizona, for the appellant.

Matthew Tanny Pizzo, Esquire, Falls Church, Virginia, and Lourdes M. Guillaume, Esquire, New York, New York, for the agency.

Jordan Lee Perkins, Esquire, Julie Ferguson Queen, Esquire, Patrick Alexander Ethler, Esquire, Wahington, D.C., and Zachary Carstens, Esquire, Richardson, Texas, for the intervenor.

### BEFORE
Jeremiah Cassidy
Chief Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On February 20, 2025, the appellant timely filed an appeal challenging the agency's February 14, 2025 decision to terminate his appointment as an Assistant Chief Immigration Judge.  Initial Appeal File (IAF), Tab 1.  As discussed below, the Board has jurisdiction over this appeal under 5 U.S.C. §§ 7511-7513.  The

appellant withdrew his request for a hearing.  IAF, Tab 10.  Accordingly, this decision is based on the parties' written submissions.

Based on the following analysis and findings, the agency's action is REVERSED.

## ANALYSIS AND FINDINGS

<u>Background</u>

The following facts are undisputed.  The appellant served on active duty in the United States Air Force from April 28, 2003, until he was honorably discharged on November 19, 2009.  IAF, Tab 4 at 15, Tab 23 at 37.  He has a service-connected disability, which is rated as permanent and total.  IAF, Tab 4 at 16-17.

The agency appointed the appellant to a Supervisory Immigration Judge position in the excepted service effective September 26, 2021.  IAF, Tab 7 at 30.  The Standard Form (SF) 50 documenting the appointment reflects it was made pursuant to Schedule A and was not to exceed (NTE) September 25, 2023.  *Id.*  The remarks reflect the "reason for temporary appointment" as "pending security investigation."  *Id.*  In a September 15, 2021 letter, the agency further explained the appointment was time limited to 24 months, and continued employment was subject to "budgetary limitations, favorable suitability review of a background investigation, and satisfactory performance and conduct."  *Id.* at 31.

On August 22, 2023, the Attorney General signed an order appointing the appellant as an Immigration Judge, and, effective September 25, 2023, the agency converted the appellant's term appointment to a permanent excepted service appointment as a Supervisory Immigration Judge.  *Id.* at 23-24.

On February 14, 2025, the agency terminated the appellant, effective that day.  *Id.* at 18-19.

*The Board has jurisdiction over this appeal.*

The appellant has the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

By law, "adverse actions" are subject to Board review. 5 U.S.C. § 7512. "Adverse actions" are defined under 5 U.S.C. chapter 75 to include a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough of less than 30 days. *Id*. To qualify as an "employee" who can appeal an adverse action under 5 U.S.C. chapter 75, an individual in the excepted service must show he is: a preference-eligible employee who has completed one year of current, continuous service in the same or a similar positions in an Executive agency, the U.S. Postal Service, or the Postal Rate Commission, *see* 5 U.S.C. § 7511(a)(1)(B); a non-preference eligible employee who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service, *see* 5 U.S.C. § 7511(a)(1)(C)(i); or a non-preference eligible who has completed two years of current, continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to two years or less, *see* 5 U.S.C. § 7511(a)(1)(C)(ii).

A veteran qualifies as preference eligible if, among other things, he served on active duty for a period of more than 180 days any part of which occurred during the period beginning on September 11, 2001, and ending on the last date of Operation Iraqi Freedom.[1] 5 U.S.C. §§ 2108(1)(D), (3)(B). The appellant served on active duty for a period of more than 180 days during that time period.

---

[1] I take official notice that Operation Iraqi Freedom ended August 31, 2010. *See* www.opm.gov/frequently-asked-questions/feds-hire-vets-faq/general/is-there-an-end-date-for-operation-iraqi-freedom/ (last visited August 13, 2025).

IAF, Tab 4 at 15.  Furthermore, a veteran qualifies as preference eligible if he served on active duty in the armed forces, was separated under honorable conditions, and has established the present existence of a service-connected disability.  5 U.S.C. §§ 2108(2), (3)(C).  The appellant was honorably discharged from active duty on November 19, 2009, and Department of Veterans Affairs rated him as totally and permanently disabled due to a service-connected disability.  IAF, Tab 4 at 16-17.  The appellant established he is a preference-eligible veteran.

The appellant also established he completed one year of current continuous service in the same position.  "Current continuous service" means service immediately prior to the action at issue without a break in service of a workday. *Preyor v. U.S. Postal Service*, 83 M.S.P.R. 571, 575 (1999).  The appellant entered on duty as a Supervisory Immigration Judge on September 26, 2021, and remained in that position until his termination effective February 14, 2025.  IAF, Tab 7 at 18, 23, and 30.  Therefore, he is entitled to appeal an adverse action, such as a removal, to the Board.  *See* 5 U.S.C. §§ 7511-7513.

*The agency did not afford the appellant due process.*

The agency did not provide the appellant an opportunity to respond to the termination action.  IAF, Tab 23 at 42.  Instead, the agency notified the appellant on February 14, 2025, that his employment was terminated effective immediately. *Id.*; *see also* IAF, Tab 7 at 19.  The appellant contends that, as an "employee" as defined by 5 U.S.C. § 7511(a)(1)(B), he was entitled to minimum due process of law, and thus the removal action must be reversed based on the agency's failure to provide that process.  *See generally* IAF, Tab 23.  The agency contends the appellant was not entitled to an opportunity to respond with regard to his removal, because the Attorney General is authorized by Article II of the Constitution to appoint and remove Immigration Judges without restriction.  *See generally* IAF, Tabs 25, 27, and 28.

The appellant's constitutional claim to due process protections depends on whether he had a property right in his continued employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985). If he did, the agency could not deprive him of that right without due process. *Id.* Such a property interest is created not by the Constitution, but by another independent source. *Id.* Here, that source is section 204 of the Civil Service Reform Act of 1978, as codified in 5 U.S.C. chapter 75. As discussed above, 5 U.S.C. § 7511 defines which "employees" are covered by the "cause and procedure" provisions of 5 U.S.C. § 7513. Under section 7513, an agency may remove a covered employee "only for such cause as will promote the efficiency of the service."

Again, the appellant established he is an "employee" as defined by 5 U.S.C. § 7511(a)(1)(B). As such an employee, he had a property right in continued employment stemming from 5 U.S.C. § 7513 and cannot be deprived of that right except pursuant to constitutionally adequate procedures. *Loudermill*, 470 U.S. at 541; *Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 11 (2016) ("[A] tenured Federal employee has a property interest in continued employment[.]"). As to what procedures are constitutionally adequate, due process requires, at a minimum, that an employee being deprived of his property interest in employment receive notice and an opportunity to respond before the termination takes effect. *Loudermill*, 470 U.S. at 542-45; *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 16 (2014).

Because the agency failed to provide the appellant with an opportunity to be heard before it removed him, the agency's action cannot be sustained.[2] *Martin*, 123 M.S.P.R. 189, ¶ 11.

---

[2] This decision does not preclude the agency from taking a new, constitutionally correct removal action. *E.g.*, *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) (explaining that an employee whose right to due process has been violated is "entitled to a new constitutionally correct removal procedure").

*Administrative agencies are without authority to determine the constitutionality of statutes.*

The agency asserts that that Immigration Judges are inferior officers and thus may be removed without cause under Article II of the Constitution. *See generally* IAF, Tabs 25, 27, and 28. The Director of the Office of Personnel Management similarly asserts that the for-cause removal protections for civil service employees cannot limit the President's Article II power to execute the law. IAF, Tab 24. These contentions are, in essence, a challenge to the constitutionality of the removal protections afforded by 5 U.S.C. §§ 7511-7513. Those statutory provisions define "employee" such that Immigration Judges are not excluded and expressly provide that covered employees may be removed "only for such cause as will promote the efficiency of the service." By arguing that Article II of the Constitution precludes the application of the removal protections afforded under the Civil Service Reform Act of 1978 to Immigration Judges, the agency is asking the Board to invalidate one or more of the provisions of the statute.[3] *Davis-Clewis v. Department of Veterans Affairs*, 2024 MSPB 5, ¶ 9 (holding the Board lacks authority to resolve a party's constitutional challenge of the removal protections for the Board's administrative judges). The Board has long recognized that administrative agencies are without authority to

---

[3] The agency correctly states that the Board has authority to adjudicate a constitutional challenge to an agency's *application* of a statute, such as nonprobationary employees' constitutional challenges to appealable actions effected pursuant to a statute. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 684 n.12 (1991). Here, however, the agency does not merely challenge an application of a statute but asks the Board to declare provisions of the Civil Service Reform Act to be an unconstitutional curtailment of the Attorney General's authority under Article II of the Constitution.

determine the constitutionality of statutes.[4]  *Id.*; *Malone v. Department of Justice*, 14 M.S.P.R. 403, 406 (1983).

Again, it is undisputed the agency did not provide the appellant with an opportunity to respond to the removal action.  IAF, Tab 23 at 42.  Instead, the agency notified the appellant on February 14, 2025, that his employment was terminated effective immediately.  *Id.*; *see also* IAF, Tab 7 at 19.  Consequently, the agency's removal action cannot be sustained.  *See, e.g.*, *Martin*, 123 M.S.P.R. 189, ¶ 11.

Because I have found that the agency violated the appellant's due process rights, I need not address the merits of the agency's underlying removal action.[5]

## DECISION

The agency's action is REVERSED.

## ORDER

I **ORDER** the agency to cancel the removal and to retroactively restore appellant effective February 14, 2025.  This action must be accomplished no later than 20 calendar days after the date this initial decision becomes final.

---

[4] While the Constitutional issue cannot be decided by the Board, it is preserved if the party asserting it chooses to later raise it on judicial review.  *See Elgin v. Department of the Treasury*, 567 U.S. 1, 17-21 (2012) (holding that the Civil Service Reform Act makes Board jurisdiction over an appeal dependent only on the nature of the employee and the employment action at issue, and an Article III reviewing court has the authority to adjudicate the constitutionality of a statute).

[5] The agency requested the certification of an interlocutory appeal in the event of an adverse ruling to the agency "that does not fully dispose of this appeal[.]"  IAF, Tabs 25, and 28.  An administrative judge will certify a ruling for review on interlocutory appeal only if the record shows that: (a) the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public.  5 C.F.R. § 1201.92.  I find those conditions are not satisfied here.  Aside from the issues raised by the agency related to the constitutionality of the Civil Service Reform Act of 1978, which are outside the Board's authority, this appeal does not involve a question of law about which there is substantial ground for difference of opinion.

8

I **ORDER** the agency to pay appellant by check or through electronic funds transfer for the appropriate amount of back pay, with interest and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations no later than 60 calendar days after the date this initial decision becomes final. I **ORDER** the appellant to cooperate in good faith with the agency's efforts to compute the amount of back pay and benefits due and to provide all necessary information requested by the agency to help it comply.

If there is a dispute about the amount of back pay due, I **ORDER** the agency to pay appellant by check or through electronic funds transfer for the undisputed amount no later than 60 calendar days after the date this initial decision becomes final. Appellant may then file a petition for enforcement with this office to resolve the disputed amount.

I **ORDER** the agency to inform appellant in writing of all actions taken to comply with the Board's Order and the date on which it believes it has fully complied. If not notified, appellant must ask the agency about its efforts to comply before filing a petition for enforcement with this office.

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. I **ORDER** the agency to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## INTERIM RELIEF

If a petition for review is filed by either party, I **ORDER** the agency to provide interim relief to the appellant in accordance with 5 U.S.C. § 7701(b)(2)

(A).  The relief shall be effective as of the date of this decision and will remain in effect until the decision of the Board becomes final.[6]

Any petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order, either by providing the required interim relief or by satisfying the requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B).  If the appellant challenges this certification, the Board will issue an order affording the agency the opportunity to submit evidence of its compliance.  If an agency petition for review does not include this certification, or if the agency does not provide evidence of compliance in

---

[6] The agency argued that restoring the appellant to his former office as interim relief would "cause an immense burden on the [a]gency by compelling the Attorney General to retain the services of an inferior officer whom she no longer believes should be entrusted with the exercise of executive power."  IAF, Tab 25 at 20.  There are two elements of interim relief while a petition for review is pending: (1) returning the appellant to the workplace, and (2) providing the appellant with pay and benefits. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 7.  Nevertheless, the agency's "undue disruption" argument addresses only the first element.  In that regard, pursuant to 5 U.S.C. § 7701(b)(2)(A)(ii), an agency may determine that the return or presence of an employee is unduly disruptive to the work environment.  In such a case, the agency may prevent the return or presence of the employee, so long as it provides the employee with appropriate pay and benefits during the pendency of its petition for review.  5 U.S.C. § 7701(b)(2)(B); *Johnson*, 2023 MSPB 9, ¶ 9 ("The resumption of pay during the interim relief period is the most fundamental element of interim relief.").

response to the Board's order, the Board may dismiss the agency's petition for review on that basis.

*Jeremiah Cassidy*

FOR THE BOARD:    _____

Jeremiah Cassidy
Chief Administrative Judge

## ENFORCEMENT

If, after the agency has informed you that it has fully complied with this decision, you believe that there has not been full compliance, you may ask the Board to enforce its decision by filing a petition for enforcement with this office, describing specifically the reasons why you believe there is noncompliance. Your petition must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed no more than 30 days after the date of service of the agency's notice that it has complied with the decision. If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO APPELLANT

This initial decision will become final on **September 26, 2025**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives

the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

### Criteria for Granting a Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents,

table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board.  Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE OF LACK OF QUORUM

While administrative judges may continue to issue initial decisions like this one, the Board must have two or more members (known as a quorum) to issue

14

decisions on petitions for review (PFR). See 5 U.S.C. § 1201; 5 C.F.R. § 1200.3(a), (e). Currently, the Board only has one member, so it is unable to issue any final Board decisions on PFRs. This means that while parties may still file PFRs on initial decisions during this time, no decisions on them will be issued until at least two members are in place, thereby restoring the Board's quorum. Importantly, the absence of a quorum does not extend any deadlines for filing a PFR. Anyone filing a PFR must still meet the deadline outlined above.

## ATTORNEY FEES

If no petition for review is filed, you may ask for the payment of attorney fees (plus costs, expert witness fees, and litigation expenses, where applicable) by filing a motion with this office as soon as possible, but no later than 60 calendar days after the date this initial decision becomes final. Any such motion must be prepared in accordance with the provisions of 5 C.F.R. Part 1201, Subpart H, and applicable case law.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review. Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>.**  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

16

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above. 5 U.S.C. § 7702(b)(1).

17

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)  Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

19

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐    1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐    2) Settlement agreement, administrative determination, arbitrator award, or order.

☐    3) Signed and completed "Employee Statement Relative to Back Pay".

☐    4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐    5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐    6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐    7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

20

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service        Brandon Jaroch
                          Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service        Robert Erbe
                          Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service        Lourdes Guillaume
                          Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service        Matthew Pizzo
                          Served on email address registered with MSPB

<u>Statutory Intervenor</u>

Electronic Service        Zachary Carstens
                          Served on email address registered with MSPB

<u>Statutory Intervenor</u>

Electronic Service       Patrick Ehler

                         Served on email address registered with MSPB


<u>Statutory Intervenor</u>

Electronic Service       Julie Ferguson Queen

                         Served on email address registered with MSPB


<u>Statutory Intervenor</u>

Electronic Service       Jordan Perkins

                         Served on email address registered with MSPB




_____08/22/2025_____                    *Jeremiah Cassidy*
        (Date)                          _____
                                             Jeremiah Cassidy
                                         Chief Administrative Judge