**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WASHINGTON REGIONAL OFFICE**

MARY COMANS,
Appellant,

v.

DEPARTMENT OF HOMELAND SECURITY,
Agency.

DOCKET NUMBER
DC-0752-25-1783-I-1

DATE: March 11, 2026

Mark S. Zaid, Washington, D.C., for the appellant.
Bradley P. Moss, Washington, D.C., for the appellant.
Taryn Carpenter Wilgus Null, Takoma Park, Maryland, for the appellant.
Heidi R Burakiewicz, Washington, D.C., for the appellant.
Harold Craig Becker, Washington, D.C., for the appellant.

Ashley Darbo, Washington, D.C., for the agency.
Michelle Perry, Washington, D.C., for the agency.

**BEFORE**
Jeremiah Cassidy
Chief Administrative Judge

**INITIAL DECISION**

The appellant filed this appeal of the agency's decision to remove her from her position and Federal service. Initial Appeal File (IAF), Tab 1. For the reasons discussed below, the appeal is DISMISSED WITHOUT PREJUDICE, subject to automatic refiling by the Board.

In this appeal, the appellant contends that, as an "employee" as defined by chapter 75 of Title 5 with a right to appeal a removal to the Board, the agency was required to provide the appellant with notice and an opportunity to respond before effecting the action but did not do so. Thus, the appellant argues that the

removal action must be reversed. The letter terminating her appointment indicates that the agency took this action pursuant to Article II of the Constitution.

On August 22, 2025, the Board's Washington Regional Office issued initial decisions in two separate appeals, *Megan Jackler v. Department of Justice*, MSPB Docket No. DA-0752-25-0330-I-1, and *Brandon Jaroch v. Department of Justice*, MSPB Docket No. DA-0752-25-0328-I-1. Those decisions concluded that the Board had jurisdiction over the appeals, the appellants were entitled to (and did not receive) due process, and the Board lacks authority to decide the agency's challenge to the constitutionality of the removal protections afforded by chapter 75 of Title 5. On September 26, 2025, the agency filed petitions for review of those initial decisions, again arguing, in part, that the agency head is authorized by Article II of the Constitution to appoint and remove such individuals without restriction.

On November 25, 2025, I notified the parties of my intent to dismiss this appeal without prejudice, subject to automatic refiling by the Board, given that the dispositive issue in this appeal is now pending before the Board in *Jackler* and *Jaroch*. *See* IAF, Tab 19. The agency agreed that dismissing this appeal is appropriate pending resolution of *Jackler* and *Jaroch*. *See* IAF, Tab 23. The appellant objected to dismissal, arguing that legal and equitable matters outweigh any claimed efficiency rationale. *See* IAF, Tab 21.

Administrative judges have broad discretion to control the proceedings before them, and dismissal without prejudice is a procedural option that is committed to their sound discretion. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009); 5 C.F.R. § 1201.29(b). A dismissal without prejudice is appropriate when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party. *Gingery*, 111 M.S.P.R. 134, ¶ 9; 5 C.F.R. § 1201.29(b).

Whether an agency head is authorized by Article II of the Constitution to remove an individual meeting the definition of an "employee" as defined by chapter 75 of Title 5, either under 5 U.S.C. § 7511(a)(1) or 5 U.S.C. § 7541(1), without restriction is an important question of law that, when answered, will materially advance the completion of this proceeding. Consequently, despite the argued prejudice to the appellant in delaying adjudication, I conclude that a dismissal without prejudice is in the interests of administrative efficiency, and those interests outweigh any prejudice to the appellant.

Accordingly, this appeal is dismissed without prejudice for six months, and the Board will automatically refile it on or around **September 11, 2026**. Any documents already submitted in this appeal are already part of the record and should not be resubmitted when the appeal is refiled.

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE. The Board will automatically refile the appeal on or around **September 11, 2026**.

FOR THE BOARD:

Jeremiah Cassidy

______________________________
Jeremiah Cassidy
Chief Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on _**April 15, 2026**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner

received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

**Criteria for Granting a Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents,

table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a

petition for review. Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | Appellant |
| U.S. Mail | Mary Comans<br>1317 S Glebe Road<br>Arlington, Virginia 22203 |
| | Appellant Representative |
| Electronic Service | Harold Becker<br>Served on email address registered with MSPB |
| | Appellant Representative |
| Electronic Service | Heidi Burakiewicz<br>Served on email address registered with MSPB |
| | Appellant Representative |
| Electronic Service | Bradley Moss<br>Served on email address registered with MSPB |
| | Appellant Representative |
| Electronic Service | Taryn Null<br>Served on email address registered with MSPB |

Appellant Representative

Electronic Service — Mark Zaid
Served on email address registered with MSPB

Agency Representative

Electronic Service — Ashley Darbo
Served on email address registered with MSPB

Agency Representative

Electronic Service — Michelle Perry
Served on email address registered with MSPB

03/11/2026
(Date)

Jeremiah Cassidy
Jeremiah Cassidy
Chief Administrative Judge