**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARY COMANS, *
*
Plaintiff, *
*
v. * Civil Action No. 1:25-cv-01237-MSN-WEF
*
EXECUTIVE OFFICE OF THE *
PRESIDENT, *et al.*, *
*
Defendants. *
* * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM CONCERNING MSPB JURISDICTION**

The Court has asked the parties to brief the question of "whether the MSPB has jurisdiction over Plaintiff's claims based on the interaction between 5 U.S.C. §§ 7542, 7543(a), (b), (d)." Plaintiff Comans does so below in two parts: (I) explaining why the MSPB lacks jurisdiction over all her claims and (II) explaining why the MSPB lacks jurisdiction over her liberty interest claim.

We begin by noting that, even if the MSPB has jurisdiction over Plaintiff's claims, it does not follow that this Court does not also have jurisdiction. As we demonstrated in our Opposition to Defendants' Motion to Dismiss and Sur-reply, Docket Nos. 29 and 32-1, this case is not channeled to the MSPB. In other words, even if the MSPB has jurisdiction, that jurisdiction is not exclusive. However the Court rules on the question of Board jurisdiction, we ask that it also hold, in the alternative, that Plaintiff's claims are not channeled to the Board both under step one of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), as required by the Fourth Circuit's decision in *Nat'l Ass'n of Immigration Judges v. Owen*, 139 F.4th 293, 299 (4th Cir. 2025) (NAIJ) ("Congress intended for the Civil Service Reform Act to strip district courts of jurisdiction only if federal employees were otherwise able to receive . . . independent review of

their claims" before the MSPB), and under *Thunder Basin* step two for the reasons explained in our Opposition at 16-20 (Docket No. 29).[1] Given that Congress has expressly granted this Court jurisdiction over Plaintiff's federal claims and that Defendants' argument rests on a suggestion of implied preclusion, a doctrine the Supreme Court views with increasing skepticism, this Court should not hold that it lacks jurisdiction, however it rules on the MSPB's jurisdiction. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp*., 606 U.S. 146, 157 (2025) (Kavanaugh, J.) ("When Congress wants to preclude judicial review … it can easily say so."); *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 217 (2023) (Gorsuch, J., concurring) ("Respectfully, this Court should be done with the *Thunder Basin* project. I hope it will be soon.").

We turn now to the question of Board jurisdiction.

## I. The MSPB Lacks Jurisdiction Over All of Plaintiff's Claims

The MSPB itself has now held that it lacks jurisdiction over appeals by inferior officers who are terminated *via* an assertion of Article II authority. *Jackler v. Dep't of Justice*, 2026 MSPB 3 (March 20, 2026) (submitted with Plaintiff's Third Notice of Supplemental Authority, Docket No. 38).

---

[1] At argument, the Court asked the parties to address *Abramowitz v. Lake*, 803 F.Supp.3d 1 (D.D.C. 2025). While neither party was prepared to do so at that time, we now note that that decision supports Plaintiff's argument under *Thunder Basin* step two. *Id*. at 11-13. The Court rested its step two analysis on "the plain fact that the MSPB has no comparative advantage when it comes to the separation of powers issue at the heart of this dispute." *Id*. at 13. Indeed, the decision directly contradicts Defendants' contention that this Court may only consider Plaintiff's claims and not Defendants' defenses at step two. Defendants' Reply in Support of Motion to Dismiss at 8-10 (Docket No. 31). The *Abramowitz* Court held that the "discrete question necessarily raises the issue—and indeed, the defendants' sole merits defense—of whether Congress's structuring of the appointment and removal of the director of Voice of America runs afoul of constitutional separation of powers. And cases questioning the constitutionality of such statutes are routinely held to be 'collateral' to agency review schemes." *Abramowitz,* 803 F.Supp.3d at 12.

In *Jackler*, the Board addressed the precise question posed by this Court to the parties: "whether as applied to the appellants, Article II abrogates the removal protections 5 U.S.C. § 7513 otherwise provides to employees covered under 5 U.S.C. § 7511, and therefore deprives the Board of jurisdiction over adverse actions brought under section 7513(d)." *Jackler*, at 11. The Board answered, "[w]e hold that it does." *Id*. The Board further held, "[w]e hold that the Attorney General's exercise of constitutional Article II removal authority in relation to these appellants—whom we determine, based on their duties, are inferior officers who exercise significant adjudicative and policymaking authorities on behalf of the United States—abrogates otherwise-applicable statutory removal protections and thus deprives the Board of jurisdiction." *Id*. at 2.[2] And the Board reiterated, "we dismiss these appeals for lack of jurisdiction." *Id*. at 18.

Indeed, as this Court pointed out during argument on Defendants' Motion to Dismiss, that is the position the government originally took in seeking to dismiss Plaintiff's appeal to the MSPB. Agency Narrative Response and Motion to Dismiss for Lack of Jurisdiction at 4-9, *Comans v. Dep't of Homeland Security*, No. DC-0752-25-1783-I-1 (MPSB) (Opposition, Ex. 4, Docket No. 29-4). The government headed one section of its Memorandum: "The Board Has No Jurisdiction Over a Challenge to an Article II Removal." *Id*. at 4. The government further explained, "[a]lthough Congress has granted *agencies* authority to remove employees pursuant to Chapter

[2] In *Jackler*, the Board concluded that the appellant-employees, both Immigration Judges, were Officers of the United States and, while they were inferior officers, they did not fall within the scope of the Supreme Court's holding in *Morrison v. Olson*, 487 U.S. 654 (1988), because they exercised "significant duties, including policymaking and administrative authority." *Jackler*, 2026 MSPB 3 at 14) (Docket No. 38). We note that the agency made and continues to make the same argument as to the Plaintiff before the MSPB, Agency Narrative Response and Motion to Dismiss for Lack of Jurisdiction at 10-16, *Comans*, No. DC-0752-25-1783-I-1 (MSPB) (Opposition, Ex. 4, Docket No. 29-4) and Agency Closing Brief and Motion to Dismiss at 7-8, *id*. (Opposition, Ex. 2, Docket No. 29-2), although Plaintiff does not concede she was an inferior officer or that she did not fall into the *Morrison* exception to the President's plenary removal power and argued to the contrary before the MSPB.

75, that statutory authority is separate and distinct from the President's inherent removal authority under Article II." *Id*. at 4-5 (emphasis in original). And here, "[t]he Agency disclaims any reliance on Title 5 as a basis for Appellant's removal." *Id*. at 5. The government concluded:

> Because Appellant was removed at the direction of the President pursuant to Article II, rather than Title 5 of the United States Code, the Board has no jurisdiction over this case. "The Board's appellate jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation." 5 C.F.R. § 1201.3. There is no law, rule, or regulation that confers jurisdiction on the Board to review removal actions taken pursuant to Article II. Appellant's citation to 5 U.S.C. Chapter 75 is inapposite, because that statute governs whether "an *agency* may take an action" to remove an employee. 5 U.S.C. § 7513 (emphasis added). Similarly, her citation to 5 U.S.C. § 3393 and 5 U.S.C. § 3592 is unavailing as neither statute applies to a Presidentially-directed removal action like the one at issue in this case.

*Id*. at 6.

Because the MSPB has now accepted the government's original argument that the MSPB lacks jurisdiction, this Court should not grant the Motion to Dismiss and thereby force Plaintiff to proceed before the MSPB, which has held it lacks jurisdiction over appeals of terminations affected pursuant to Article II.

**II. The MSPB Lacks Jurisdiction Over Plaintiff's Liberty Interest Claim**

As we demonstrated in our Opposition, Docket No. 29, at 22-30, and our Sur-reply, Docket No. 32-1, the MSPB does not have jurisdiction over Plaintiff's liberty interest claim because the prejudicial statements that Defendants and their agents made about the Plaintiff *outside the formal notice of termination* (*see* Complaint ¶ 18, Docket No. 1; Opposition at 23-24, Docket No. 29) are not covered "actions" under the CSRA. Parsing the sections of Title 5 cited in the Court's order, 5 U.S.C. § 7543(d) provides, "[a]n employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board." 5 U.S.C. § 7542, in turn, provides, "[t]his subchapter applies to a removal from the civil service or suspension for

more than 14 days." *See also* 5 U.S.C. §§ 7512 and 7513(d) (defining other actions short of discharge from which appeal can be taken to the MSPB but not including prejudicial statements not offered as the formal basis for any employment action); *NAIJ*, 139 F.4th at 3-2-03 (describing covered action). It follows that the relevant subchapter of Title 5 does not apply and thus no appeal lies to the MSPB from prejudicial statements not made in a formal notice of removal.

Defendants are simply wrong when they state that "the liberty-interest claim . . . is an effort to vindicate Ms. Comans in her removal," Defendants' Reply, Docket No. 31, at 12, because it is black-letter law that reinstatement and back pay are not remedies that can be granted for a deprivation of liberty. *See, e.g., Ratliff v. City of Milwaukee*, 795 F.2d 612, 627 n. 4 (7th Cir. 1986). And none of the cases cited by Defendant hold that the MSPB has jurisdiction over a liberty interest claim of the type at issue here. In *Zimbelman v. Savage*, 228 F.3d 367 (4th Cir. 2000), the plaintiffs were fired "based on suspicions of theft, fraud, and other misconduct." *Id.* at 369. Thus, the statements giving rise to the alleged infringement of liberty were made as part of the termination process, unlike here, where government officials made public, false, and stigmatizing statements about Ms. Comans *after* she was terminated and outside any formal charges or disciplinary process. Similarly, in *Hall v. Clinton*, 235 F.3d 202 (4th Cir. 2000), the alleged false and stigmatizing statements were made in internal communications that were alleged to have led to Hall's demotion rather than in public statements that were not part of the process leading to termination as here. *Id.* at 203-04. Finally, in *El v. Dep't of Commerce*, No. 2:15cv532, 2016 WL 9113570 (E.D. Va. 2016), the alleged false and stigmatizing statements were made as part of the formal process of discharging the plaintiff who was a probationary employee, indeed, in the formal notice of termination itself. *Id.* at *2. Moreover, none of the

courts in the three cited cases held that the employees could bring their liberty interest claim before the MSPB and, in fact, both the *Zimbelman* and the *El* courts expressly held they could not because the employees were either excluded entirely or were probationary employees with only limited rights under the CSRA. *See Zimbelman*, 228 F.3d at 370; *El*, 2016 WL 9113570 at *5 n. 2.

The critical jurisdictional consequences of the difference between this case and the cases cited by Defendants can be understood by imagining the Plaintiff pursued an appeal at the MSPB related to both her termination and the infringement of her liberty as a result of the prejudicial statements and that the MSPB held that it had jurisdiction over the appeal of the termination. The MSPB could only do two things. One, the Board could hold that the termination violated the CSRA because it was not for cause.[3] Two, the Board could hold that the termination did not violate the CSRA because the CSRA cannot constitutionally constrain the President's Article II authority. In either case, the Board would be left with the liberty interest claim based on statements that were not the basis of the discharge, statements that are not appealable personnel actions and for which the Board lacks authority to award the only available remedy -- a name-clearing hearing. Thus, the Board would necessarily hold that it had no jurisdiction to proceed to consider the liberty interest claim.

Finally, as with the jurisdictional argument, the government originally conceded before the MSPB that the Board lacks jurisdiction over Plaintiff's liberty interest claim. "It is well established that the Board has not been given jurisdiction through any law, rule or regulation

[3] The agency, of course, would be limited to the rationale stated in the formal notice of termination and would be precluded from basing or defending the termination based on the allegations in the later statements. *See* 5 C.F.R. § 752.404(g)(1) ("In arriving at its decision, the agency will consider only the reasons specified in the notice of proposed action.")

over such constitutional law claims." Agency Narrative Response and Motion to Dismiss for Lack of Jurisdiction at 6, *Comans*, No. DC-0752-25-1783-I-1 (MPSB) (Opposition, Ex. 4, Docket No. 29-4).

Thus, even if this Court concludes that the MSPB has jurisdiction over Plaintiff's other claims, it should conclude that the Board lacks jurisdiction over Plaintiff's liberty interest claim.

**CONCLUSION**

For the above-stated reasons as well as those stated in Plaintiff's Opposition to Defendants' Motion to Dismiss and Plaintiff's Sur-reply, this Court should deny the Motion to Dismiss on three, alternative grounds, (1) congressional intent to strip the courts of their ordinary federal question jurisdiction is not "fairly discernible in the statutory scheme" absent an independent MSPB, *Thunder Basin*, 510 U.S. at 207, (2) Plaintiff's claims and Defendants' sole defense to those claims are not "of the type Congress intended to be reviewed within [the CSRA's] structure," *id*. at 212, and (3) the MSPB lacks jurisdiction over an appeal of a termination affected by the President under Article II.

Date: April 7, 2026

Respectfully submitted,

*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
Fluet
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
kbyrnes@fluet.law
e-file@fluet.law

*/s/ Abbe David Lowell*
Abbe David Lowell (DDC No. 358651)
David A. Kolansky (DDC No. 7680722)
Isabella M. Oishi (DDC No. 7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*/s/ Heidi R. Burakiewicz*
Heidi R. Burakiewicz (DDC No. 473973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com

*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org

*/s/ Margaret M. Donovan*
Margaret M. Donovan (pro hac vice)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*/s/ Mark S. Zaid*
Mark S. Zad (DDC No. 440532)
Bradley P. Moss (DDC No. 975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Mark@markzaid.com
brad@markzaid.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2026 I caused the foregoing to be served on all counsel of record for the Defendants via CM/ECF.

*/s/ Kevin E. Byrnes*
Kevin E. Byrnes, Esq.