**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MARY COMANS,

*Plaintiff*,

*v.*

EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,

*Defendants*.

No. 1:25-cv-01237-MSN-WEF

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION**

## INTRODUCTION

The Court has directed supplemental briefing regarding the Merit Systems Protection Board's (MSPB) jurisdiction over Plaintiff's claims "based on the interaction between 5 U.S.C. §§ 7542, 7543(a), (b), and (d)." Order of March 31, 2026 (ECF No. 39). Read as they must be within the full context of the Civil Service Reform Act of 1978 (CSRA), those provisions merely reinforce the conclusion that the MSPB possesses jurisdiction over Plaintiff Mary Comans's claims, which challenge her removal from the federal service, and that its jurisdiction is exclusive. Ms. Comans is an employee under the CSRA's Chapter 75. Her removal constitutes a statutorily defined adverse action appealable as of right to the MSPB and, from there, to the United States Court of Appeals for the Federal Circuit. (In fact, Ms. Comans herself has invoked that process and appealed her removal to the MSPB, where it is pending.) Because Ms. Comans is a statutorily covered employee affected by a statutorily covered personnel action, the CSRA's administrative-judicial review scheme exclusively channels review over claims challenging her removal to the MSPB, and precludes parallel district court jurisdiction over those claims. That her removal was based on a delegated exercise of the President's Article II removal authority, and thus did not follow the process for cause-based removals of Senior Executive Service members set forth at 5 U.S.C. § 7543, does not alter that conclusion, which is anchored in the CSRA's statutory language and decades of Supreme Court precedent alike.

## ARGUMENT

### I. SECTIONS 7541 AND 7542 OF THE CSRA PROVIDE THE MSPB WITH EXCLUSIVE JURISDICTION OVER MS. COMANS'S CLAIMS

The plain text of sections 7541 and 7542 of the CSRA establishes MSPB jurisdiction to hear Ms. Comans's claims because she is a covered employee who was subject to a covered action (removal). Chapter 75, codified at 5 U.S.C. §§ 7501–43, governs adverse actions taken against

federal employees more broadly, including removals, suspensions, and the like. The CSRA provisions governing adverse employment actions against former members of the Senior Executive Service (SES) like Ms. Comans are found at Subchapter V of the Act. That subchapter is composed of three sections, codified at 5 U.S.C. §§ 7541–43, which demonstrate that the MSPB has jurisdiction over Ms. Comans's claims.

*First*, section 7541 defines terms "[f]or the purpose of this subchapter." In relevant part, it provides that the term "'employee' means a career appointee in the [SES] who has completed the probationary period prescribed under [5 U.S.C. §] 3393(d) … or was covered by the provisions of subchapter II of this chapter immediately before appointment to the [SES]." 5 U.S.C. § 7541(1). Section 3393(d), in turn, provides that "[a]n individual's initial appointment as a career appointee shall become final only after the individual has served a 1-year probationary period as a career appointee." Here, Ms. Comans "served as FEMA's Chief Financial Officer, an SES position, from 2017 until … 2025." Compl. ¶ 3. Because her tenure as a member of the SES exceeded one year, Ms. Comans qualifies as an "employee" covered by Subchapter V of the CSRA.

*Second*, section 7542 articulates those adverse "actions covered" by Subchapter V. "This subchapter," it provides, "applies to a removal from the civil service or a suspension for more than 14 days," with exceptions for adverse action taken under 5 U.S.C. §§ 1215, 7532, 3592, or 3595. Here, Ms. Comans has been "remov[ed] from the civil service." And her removal did not occur under any of the excepted provisions. As her memorandum of removal explained, her removal was "action … taken pursuant to Article II of the United States Constitution, at the direction of the President." Compl. ¶ 17. Her removal therefore implicates neither § 1215 (which applies to disciplinary action taken for committing a prohibited personnel practice, a violation of law, or a violation of an MSPB order); nor § 7532 (which applies to adverse actions taken "in the interests

of national security"); nor § 3592 (which applies to demotions from a position within the SES to without); nor § 3595 (which applies to removals or demotions pursuant to an agency's "reduction in force of career appointees"). Accordingly, because § 7542 "applies to … removal[s]" without any limitation applicable to this case, Ms. Comans's removal is covered by the CSRA.

Without even reaching the third section of Subchapter V (addressed in Part II, *infra*), one thing is already clear: Ms. Comans is an employee expressly covered by the CSRA, *see* § 7541, who experienced an employment action expressly covered by the CSRA, *see* § 7542. At no point in this litigation has Ms. Comans contested either of those points. Much the opposite: the Complaint itself observes that "agency action to remove employees covered by the CSRA through termination, *such as in this matter*, is supposed to be challengeable before the MSPB." Compl. ¶ 27 (emphasis added). That statement is exactly right, with the slight modification that the removal at issue in this matter *is* challengeable before the MSPB.

Under binding precedent, the fact that Ms. Comans is a covered employee who experienced a covered action—facts about which, again, the parties are in agreement—is already enough to preclude district-court jurisdiction in this case. Over and over, the Supreme Court in *Elgin v. Department of Treasury* expressly emphasized that point. *See* 567 U.S. 1, 20 (2012) ("When a covered employee appeals a covered adverse action, the CSRA grants the MSPB jurisdiction over the appeal"); *id.* at 21 ("In sum, the CSRA grants the MSPB and the Federal Circuit jurisdiction over petitioners' appeal because they are covered employees challenging a covered adverse employment action"); *id.* at 13 ("In only one situation does the CSRA expressly exempt a covered employee's appeal of a covered action from Federal Circuit review based on the type of claim at issue," namely, "[w]hen a covered employee alleges that a basis for the action was discrimination" (quotation cleaned)). The Fourth Circuit has likewise made the same observation. *See Nat'l Assn.*

*of Immigration Judges v. Owen*, 139 F.4th 239, 312 (4th Cir. 2025) ("the CSRA was intended to foreclose covered federal employees from contesting covered employment actions outside the CSRA adjudicatory scheme"). Simply put, because Ms. Comans is a covered employee who experienced a covered action, the CSRA precludes district-court jurisdiction.

## II. Section 7543 of the CSRA and the Accompanying Regulations Reinforce Preclusion of District-Court Jurisdiction

The *third*—and final—section of Subchapter V, 5 U.S.C. § 7543, addresses a different issue: not covered employees or covered actions, but rather the permissible *reasons* why an agency may take those covered actions against covered members of the SES. Section 7543 provides that "an agency may take an action covered by this subchapter against an employee [as defined for this subchapter] only for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer or function." 5 U.S.C. § 7543(a). It then provides that "[a]n employee against whom an action covered by this subchapter is proposed is entitled to" various procedures: 30 days' advance written notice; a reasonable time to respond; representation by an attorney; and a written decision on the proposed action. *Id.* § 7543(b). And it provides that an employee against whom adverse action is taken "is entitled to appeal" to the MSPB "under [5 U.S.C. §] 7701." *Id.* § 7543(d).

Section 7543 caps off a clear tripartite structure within Subchapter V of the CSRA. The first is a description of covered employees, § 7541; the second, a description of covered actions, § 7542; and the third, a description of the permissible reasons for those covered actions, § 7543. As Ms. Comans's Complaint and motion-to-dismiss briefing demonstrate, the claims in this case reflect, at bottom, Ms. Comans's views that she is a covered employee who experienced a covered adverse action (a removal), but for a non-covered reason (the President's discretion under Article II). Again, for jurisdictional purposes, the first two points are outcome-determinative: claims by

a covered employee regarding a covered action belong exclusively in the MSPB. Any *reasons* for the covered action are of no jurisdictional significance, and go to only the merits of the claim, which are evaluated by the MSPB itself. As the Supreme Court put it in *Elgin*, "the CSRA makes MSPB jurisdiction over an appeal dependent only on the nature of the employee and the employment action at issue." 567 U.S. at 18. And an action is "under" § 7543(d) if it is *subject to* the standards and procedures of § 7543; as a statutory matter, removals of SES officials like Ms. Comans are subject to § 7543, regardless of whether the relevant agency complied with the section or the reason for not doing so. Again, MSPB jurisdiction depends on only "the nature of the employee and the employment action at issue." *Elgin*, 567 U.S. at 18.[1]

That conclusion is reinforced by the appellate jurisdiction conferred upon the MSPB by statute. For starters, the CSRA provides that "[t]he [MSPB] shall … adjudicate … all matters within the jurisdiction of the Board under this title, or any other law, rule, or regulation." 5 U.S.C. § 1204(a)(1). Then, in the SES-specific provisions of Chapter 75, the CSRA expressly provides for appeal rights "under [§] 7701," 5 U.S.C. § 7543(d). And § 7701, in turn, recites the same language from the jurisdictional grant provided at § 1204(a)(1): a covered employee "may submit an appeal," it explains, "from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a).

---

[1] The MSPB recently made clear that it has jurisdiction to consider the claims of employees, like Ms. Comans, contending that the Executive Branch wrongly removed them pursuant to Article II without complying with the CSRA's standards. *See Jackler v. DOJ*, No. CF-0752-26-0069-I-1, 2026 WL 789485, at ¶¶ 10, 26, 31 (MSPB Mar. 20, 2026). The MSPB concluded that, *if* Article II did require the employee to be removable at will, then and only then would the MSPB lack "jurisdiction." *Id.* ¶¶ 21, 26. Whether or not that latter conclusion is correct or instead erroneously conflates lack of merit with lack of jurisdiction, it is immaterial here, because Ms. Comans contends that Article II does *not* require her to be removable at will, and the MSPB made clear that it *has* jurisdiction to adjudicate that contention.

The "regulation[s]" referenced at both § 1204(a)(1) and § 7701(a), and therefore incorporated by reference at § 7543(d), extinguish any doubt that the MSPB's jurisdiction depends only on the nature of the employee and adverse action at issue, not the underlying reasons or authority for that action. These regulations reflect a longstanding interpretation of the MSPB's jurisdiction under § 7543(d) that warrants respect. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).

*First*, the regulations explain that, in keeping with the statutes cited above, "[t]he Board's appellate jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation." 5 C.F.R. § 1201.3(a). "Instances in which a law or regulation authorizes the Board to hear an appeal or claim" include "[v]arious actions involving the [SES]." *Id.* § 1201.3(a), (a)(10). In turn, those "various actions" include "[r]emoval or suspension for more than 14 days." *Id.* § 1201.3(a)(10). Critically, no limitation on the nature of, or reasons for, such removals appear in the regulation. On its face, the regulation clearly reflects that the MSPB's jurisdiction applies to removals of SES members no matter the underlying justification.

*Second*, where the regulation lists the "[r]emoval" of an SES member as a basis for MSPB jurisdiction, the regulation specifically refers the reader to "5 U.S.C. [§] 7543(d) and 5 C.F.R. [§] 752.605" to define what, exactly, the jurisdictional language means by the term "removal." § 1201.3(a)(10). Section 7543(d), of course, is the statutory appeal provision itself. But 5 C.F.R. § 752.605 makes explicit the point that that neither MSPB jurisdiction nor an SES member's appeal rights depend on the reasons underlying her removal. "Under 5 U.S.C. [§] 7543(d)," it provides, "a career appointee against whom an action is taken *under this subpart* is entitled to appeal to the [MSPB]." 5 C.F.R. § 752.605(a). That "subpart" of the regulations—Title 5, Part

752, Subpart F—specifically addresses adverse actions taken against members of the SES, including by defining both covered employees and covered actions.

For this case, the key provision of that subpart is 5 C.F.R. § 752.601. To begin with: the provision explains that "[t]his subpart covers … [a] career appointee … who has completed the probationary period in the [SES]." 5 C.F.R. § 752.601(c)(1)(i). As already noted above, Ms. Comans plainly satisfies that condition. But more to the point, the provision expressly addresses "[a]dverse actions covered." *Id.* § 752.601(a). "This subpart," it explains, "applies to … removals from the civil service *as set forth in 5 U.S.C. [§] 7542*." *Id.* (emphasis added). Again, the regulation refers to removals broadly, without any limitation based on the underlying reasons for that removal. But more importantly, it imports the meaning of "removal" from § 7542. And § 7542, as discussed above, likewise covers removals broadly, and without any limitation applicable to this case. *See supra* pp. 2–3.

In short: even if the statutes leave any doubt, the MSPB's jurisdictional regulations put that to bed. Section 1201.3(a)(10) unambiguously applies MSPB jurisdiction to "removal[s]" without applicable limitation; § 752.601(a) likewise facially applies to "removals" without applicable limitation; and § 752.601(a) imports the scope of the term "removals" from § 7542, which likewise imposes no limitations on that term applicable to this case. Simply put, MSPB jurisdiction "does not turn on the … nature of an employee's claim, but rather on the type of employee and the challenged employment action." *Elgin*, 567 U.S. at 15. Precedents, statutes, and longstanding regulations all confirm as much. Even Ms. Comans apparently agrees, given her invocation of the MSPB's jurisdiction in the first place. Because Ms. Comans is a covered employee bringing claims about a covered action, the CSRA precludes district court jurisdiction over her complaint.

## III. If Sections 7541 and 7542 of the CSRA do not Provide Jurisdiction in the MSPB, the CSRA's Exclusive Scheme Still Precludes District-Court Jurisdiction

Even before the Supreme Court established what became known as the *Thunder Basin* test for district-court jurisdiction, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and applied it to federal-employee claims covered by the CSRA, *Elgin*, 567 U.S. at 10, it observed the obvious: that the "comprehensive nature of the CSRA" evinces "a congressional judgment" that federal employees "should not be able to demand judicial review for the type of personnel action" at issue in this case. *United States v. Fausto*, 484 U.S. 439, 448 (1988). As Defendants explained in their opening brief, the CSRA "completely overhauled the civil service system," *id.* at 443, replacing what had been a "patchwork system" of review with "an integrated scheme of administrative and judicial review," *id.* at 445. That new scheme "provides the *exclusive* avenue to judicial review when a qualifying employee challenges an adverse employment action." *Elgin*, 567 U.S. at 5 (emphasis added). Accordingly, the CSRA provides the totality of review, whether administrative or judicial, available to covered employees in the face of adverse employment action.

This is a critical point. The *absence* of review or relief does not leave a removed employee "free to pursue whatever judicial remedies [s]he would have had before enactment of the CSRA." *Fausto*, 484 U.S. at 447. To the contrary, even "congressional silence" on relief for an adverse action "displays a clear congressional intent to deny" relief that might otherwise be available under the CSRA. *Ibid.* "[T]he CSRA's elaborate framework demonstrates Congress'[s] intent to entirely foreclose judicial review [even] to employees to whom the CSRA *denies* statutory review," and likewise "indicates that extrastatutory review is not available to those employees to whom the CSRA *grants* administrative and judicial review." *Elgin*, 567 U.S. at 11 (quotation cleaned) (emphasis in original). No cognizable cause of action outside of the CSRA, in other words, exists in the district courts.

To that point, the Fourth Circuit has twice held, in rejecting the creation of *Bivens* remedies in the federal-employment context, that "[b]ecause the CSRA constitutes a *comprehensive* set of procedural and substantive provisions governing the rights of federal employees, it would be inappropriate to supplement that regulatory scheme" with parallel litigation in federal district courts. *Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000) (emphasis added); *accord Hall v. Clinton*, 235 F.3d 202, 204–05 (4th Cir. 2000). This was true even for employees to whom the CSRA did not apply, and for claims (there, a liberty-interest reputational-injury claim) unmentioned in the CSRA: "[t]he fact that [the plaintiffs] were … exempted by Congress from the [CSRA] does not release them from its exclusive remedial framework." *Zimbelman*, 228 F.3d at 370. The touchstone for exclusivity is simple: whether a plaintiff's claims "arise from a federal employment relationship." *Zimbelman*, 228 F.3d at 370; *accord Hall*, 235 F.3d at 205 ("[T]he salient fact here is that the wrongful acts [Plaintiff] alleges were taken against her arose out of her federal employment relationship."). In such cases, the plaintiff's "claim [for individual-capacity damages] is precluded," and it is "of no moment" "[t]hat the CSRA does not provide the remedy that [the plaintiff] would prefer." *Hall*, 235 F.3d at 205.[2]

[2] In *Fleming v. Spencer*, 718 Fed. Appx. 185 (4th Cir. 2018), the Fourth Circuit addressed whether a federal employee could sue directly in district court over a "lesser" personnel action (in that case, a letter of remand) from which he had no direct right of appeal to the MSPB. The court agreed with the government that the plaintiff-appellant's failure to exhaust his administrative remedies under the CSRA's Chapter 23 (a parallel chapter of the statute governing a broader range of personnel actions than Chapter 75) precluded judicial review of his claim: "The CSRA plainly precludes extrastatutory judicial review of constitutional claims that are asserted before an employee has exhausted his remedies available under the statute." 718 Fed. Appx. at 188. Here, by contrast to the plaintiff in *Fleming*, Plaintiff acknowledges that she has a statutory right to appeal her removal to the MSPB, having done just that. Her pending MSPB appeal is governed by the provisions set forth in the CSRA's Chapter 75, which directs judicial review to the Federal Circuit following the completion of proceedings before the Board.

To put it plainly: when, as here, a plaintiff's claims arise from her federal employment relationship, "what you get under the CSRA is what you get." *Fornaro v. James*, 416 F.3d 63, 68 (D.C. Cir. 2005) (Roberts, J.).

* * *

Whereas § 7541 and § 7542 address covered employees and covered actions, respectively, § 7543 addresses the permissible *reasons* for those covered actions, and provides covered employees with the opportunity to appeal adverse actions to the MSPB. Binding caselaw renders the first two sections of Subchapter V alone conclusive as to MSPB jurisdiction, and as to the corresponding absence of district-court jurisdiction. Section 7543, meanwhile, reinforces the same jurisdictional conclusion. That's because § 7543(d) grants covered SES members the right to appeal adverse actions to the MSPB under § 7701, and regulations expounding the scope of that appellate jurisdiction make repeatedly clear that such jurisdiction does not depend on the underlying reasons or authority pursuant to which the relevant adverse action was taken.

The indicia of jurisdiction-preclusion are overwhelming in this case. The Supreme Court and Fourth Circuit have conclusively tied MSPB jurisdiction to covered employees and covered actions. The CSRA describes covered actions to include removals, without any limitation applicable here. The CSRA's implementing regulations explicitly describe the MSPB's jurisdiction to reach SES removals, no matter the underlying authority or justification. And Ms. Comans has evinced the same understanding of MSPB jurisdiction herself, by invoking that jurisdiction in the first place.

For the reasons explained in *Fausto*, *Elgin*, and the Government's motion-to-dismiss briefing in this case, this Court cannot exercise jurisdiction concurrently with the MSPB. "Such suits would reintroduce the very potential for inconsistent decisionmaking and duplicative judicial

review that the CSRA was designed to avoid." *Elgin*, 567 U.S. at 14. "Moreover," they impermissibly risk "parallel litigation regarding the same agency action before the MSPB and a district court." *Ibid.* This suit is no occasion to embark on a jurisdictional path through federal district court that binding precedent has long foreclosed. The CSRA and its implementing regulations all make clear that the MSPB's jurisdiction extends to Ms. Comans's removal, regardless of the articulated basis for her removal. At bottom, Ms. Comans is a covered employee challenging a covered employment action appealable as of right to the MSPB, with judicial review available before the Federal Circuit—a right that Ms. Comans in fact has invoked by appealing to the MSPB, where her claims are pending. That makes the CSRA's review scheme exclusive, and preclusive of district-court jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, as well as those articulated in the Government's briefing to date on its motion to dismiss, the Court should dismiss Plaintiff's Complaint in its entirety for lack of jurisdiction.

//

//

//

APRIL 7, 2026

*Respectfully submitted,*

TODD W. BLANCHE
Deputy Attorney General

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Fax: (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER HALL
Assistant Branch Director
Federal Programs Branch

/s/
CESAR AZRAK
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
Email: cesar.e.azrak@usdoj.gov

*Counsel for Defendants*