**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| MARY COMANS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-01237-MSN-WEF |
| | * | |
| EXECUTIVE OFFICE OF THE | * | |
| PRESIDENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... iii

LEGAL STANDARD...................................................................................................................1

ARGUMENT ...............................................................................................................................2

I. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS DEPRIVED MS. COMANS OF HER PROPERTY INTEREST IN CONTINUED FEDERAL EMPLOYMENT WITHOUT DUE PROCESS OF LAW. ...................................................................................................................2

II. THERE IS NO GENUINE DISPUTE THAT DEFENDANTS DEPRIVED MS. COMANS OF HER LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW. ...........................................3

CONCLUSION.............................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................................1

*Bd. of Regents v. Roth*, 408 U.S. 564 (1972) ............................................................................2, 3

*Cannon v. Village of Bald Head Island*, 891 F.3d 489 (4th Cir. 2018) ...........................................5

*Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 910 F. Supp. 2d 861 (E.D. Va. 2012) .......2

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) .........................................................3

*Cox v. N. Va. Transp. Comm'n*, 551 F.2d 555 (4th Cir. 1976) ...................................................4, 5

*Lamb v. Holder*, 82 F. Supp. 3d 416 (D.D.C. 2015).....................................................................2

*Libertarian Party of Va. v. Judd*, 718 F.3d 308 (4th Cir. 2013) ........................................................1

*Lyons v. Barrett*, 851 F.2d 406 (D.C. Cir. 1988) ...........................................................................5

*Robertson v. Rogers*, 679 F.2d 1090 (4th Cir. 1982).....................................................................4

*Sciolino v. City of Newport News*, 480 F.3d 642 (4th Cir. 2007) ......................................................5

*Shirvinski v. U.S. Coast Guard*, 673 F.3d 308 (4th Cir. 2012) .........................................................3

*Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810 (4th Cir.1995)....................................................2

*Willis v. City of Virginia Beach,* 90 F. Supp. 3d 597 (E.D. Va. 2015) ...........................................2

**Statutes**

5 U.S.C. § 7543(a) .......................................................................................................................1, 2

5 U.S.C. §7541 ..............................................................................................................................1

**Rules**

Fed. R. Civ. P. 56(a) .......................................................................................................................1

iii

Plaintiff Mary Comans' distinguished two-decade-long career as a federal employee came to a sudden end on February 11, 2025, when she was fired from her position as Chief Financial Officer ("CFO") at the Federal Emergency Management Agency ("FEMA"), a component of the Department of Homeland Security ("DHS"), without just cause, notice, or any due process. Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-5. The only explanation for Ms. Comans' removal was that it came "at the direction of the President." *Id.* ¶ 4; Declaration of Mary Comans ("Comans Decl."), Ex. 1. She was a member of the Senior Executive Service ("SES") and therefore, by statute, could be fired "only for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer of function." 5 U.S.C. § 7543(a). *See also* §7541 (defining protected employees to include members of the SES).

Ms. Comans' termination violated her procedural due process rights in at least two ways: by depriving her without due process of law of (1) her protected property interest in continued employment with FEMA and (2) her protected liberty interest in her good name. There are no disputes of material fact; this Motion raises a pure legal question, and Ms. Comans is entitled to summary judgment on her procedural due process claims as there is no question that Defendants violated Ms. Comans' procedural due process rights.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)

1

(citations omitted). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va.*, 718 F.3d at 313 (citation omitted).

## ARGUMENT

"To state a procedural due process claim, Plaintiffs must demonstrate: '(1) they had property or a property interest (2) of which [Defendants] deprived them (3) without due process of law.'" *Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 910 F. Supp. 2d 861, 885 (E.D. Va. 2012), *aff'd*, 743 F.3d 438 (4th Cir. 2014) (citing *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 826 (4th Cir.1995)). The facts surrounding Ms. Comans' termination are undisputed, and Defendants' statements about Ms. Comans that caused her reputational harm are documented in writing. Therefore, there is no genuine dispute of material fact that Defendants have violated Ms. Comans' procedural due process rights to property, by terminating her federal employment without due process of law, and liberty, by causing her reputational harm as a matter of law.

I. **THERE IS NO GENUINE DISPUTE THAT DEFENDANTS DEPRIVED MS. COMANS OF HER PROPERTY INTEREST IN CONTINUED FEDERAL EMPLOYMENT WITHOUT DUE PROCESS OF LAW.**

The Fifth Amendment's Due Process Clause requires that the government provide sufficient procedural protections whenever it deprives an individual of property. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972). "A constitutionally protected property interest arises when an individual is 'entitled to a benefit created and defined by a source independent of the Constitution...'" *Willis v. City of Virginia Beach*, 90 F. Supp. 3d 597, 613 (E.D. Va. 2015) (citation omitted).

The first element of the three-part test for a procedural due process violation is met here, as this Court has already found that 5 U.S.C. § 7543(a) "vests Plaintiff with a due process

property interest in her continued federal employment." ECF No. 42 (citing *Lamb v. Holder*, 82 F. Supp. 3d 416, 424 (D.D.C. 2015)). Because Defendants terminated Ms. Comans' federal employment, they deprived her of her property interest, satisfying the second element as well.

The third element hinges on whether Defendants afforded Ms. Comans with adequate process when they terminated her employment. "The essential requirements of due process…are notice and an opportunity to respond…. The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (citations omitted). There is no dispute that Ms. Comans did not receive any notice of her termination before being immediately removed, was never informed of any reason for the termination, and never had a chance to present her side of the story. SUMF ¶ 5. Such an abrupt termination, executed without any rationale or process, is a textbook violation of procedural rights.

II.     **THERE IS NO GENUINE DISPUTE THAT DEFENDANTS DEPRIVED MS. COMANS OF HER LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW.**

All three prongs are also met as to Ms. Comans' liberty interest claim, as (1) she had a liberty interest that could not be infringed without due process, (2) that liberty interest was infringed, and (3) she has not been accorded any form of hearing.

In *Roth*, the Court made clear that when a public employer makes charges against an employee related to the termination of the employee's employment that "might seriously damage his standing and associations in his community," for example, "that he had been guilty of dishonesty, or immorality[,] notice and an opportunity to be heard are essential." 408 U.S. at 573. "In such a case, due process would accord an opportunity to refute the charge." *Id.* The Fourth Circuit followed *Roth* in stating, "[W]e have recognized that a loss of government

3

employment accompanied by a public employer's stigmatizing remarks constitutes a deprivation of a liberty interest." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012).

Such "stigmatizing remarks" were made about Ms. Comans in relation to her termination but not cited as formal grounds for her discharge. The same day that Ms. Comans was terminated, Defendant DHS, publicly issued a press release that stated Ms. Comans had been fired "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." SUMF ¶ 6. The release also stated that "[u]nder President Trump and Secretary Noem's leadership, DHS will not sit idly and allow deep state activists to undermine the will and safety of the American people." *Id*. Defendant DHS's spokesperson, Tricia McLaughlin, told The New York Times on the day of Ms. Comans' termination that four FEMA employees had been terminated "for circumventing leadership to unilaterally make egregious payments for luxury N.Y.C. hotels for migrants." *Id*. ¶ 7. She also told the paper that Comans was included in those fired. *Id*. McLaughlin continued, "Under President Trump and Secretary Noem's leadership, D.H.S. will not sit idly and allow deep-state activists to undermine the will and safety of the American people." *Id*. A spokesperson for DHS also told CNN the fired FEMA workers "effectively laundered the forbidden funding" and "knowingly hid this information from legal counsel to manipulate the funding process and undermine the Secretary's order." *Id*. ¶ 10. Also on the same day, Elon Musk, then an official of the federal government, retweeted a tweet containing a photograph of Ms. Comans and the statement, "FEMA CFO Mary Comans was just fired for funneling $58M to illegal migrant hotels in Manhattan," and called it a "criminal action." *Id*. ¶ 8. The President himself posted on Truth Social on the same day "FEMA spent millions of dollars in Democrat areas, disobeying orders…" *Id*. ¶ 9.

There is no question that those statements, which "impl[y] the existence of serious

4

character defects such as dishonesty or immorality," are the "type of communication that gives rise to a protected liberty interest." *Robertson v. Rogers*, 679 F.2d 1090, 1092 (4th Cir. 1982). *Cox v. N. Va. Transp. Comm'n*, 551 F.2d 555 (4th Cir. 1976), is directly on point. In that case, the employee was not charged with any misconduct in the notice of termination, but employer representatives made statements to the press that she was fired after an investigation of financial mismanagement. The Court concluded, "Commissioners who granted interviews to newspaper reporters publicly attributed [Cox's] discharge to the results of an investigation of a financial scandal at the commission. As a consequence, her ability to obtain other employment was impaired." *Id*. at 558. "Nor did the absence of formal charges of wrongdoing lessen the injury to her reputation that was caused by the interviews the commissioners granted the press. The opportunity of a discharged public employee to get a new job may be hampered as badly by official leaks to the press insinuating dishonesty as by a published official reprimand. In either event, therefore, the employee is entitled to a hearing." *Id*.[1]

Those false and stigmatizing public statements by federal officials implicated Ms. Comans' liberty interests and entitled her to a name-clearing hearing before they were made. "[C]ourts have uniformly held that this opportunity to be heard 'must be granted at a meaningful time.' . . . This is because . . . 'an opportunity to clear your name after it has been ruined by dissemination of false, stigmatizing charges is not "meaningful."'" *Cannon v. Village of Bald Head Island*, 891 F.3d 489 (4th Cir. 2018) (internal citations omitted) (quoting *Sciolino v. City of Newport News*, 480 F.3d 642, 653 (4th Cir. 2007)). "[T]he Fourteenth Amendment required Defendants to afford the [employees] a constitutionally adequate name-clearing hearing before

---

[1] *Cox* and other cases make clear that to establish a liberty claim, the false statements need to be made in connection with the employee's discharge but need not be in the termination notice or other formal charge against the employee. *See* 551 F.2d at 558.

publicly disclosing false information regarding the basis for the [employees'] termination." *Id.* at 506 (emphasis in original).

Ms. Comans was not accorded any form of name-clearing hearing before or after the stigmatizing statements were made. SUMF ¶ 12. Ms. Comans has thus been deprived of liberty without due process since February 11, 2025, and the deprivation continues day-to-day, exacerbating Ms. Comans' injuries. *See Lyons v. Barrett*, 851 F.2d 406, 411 (D.C. Cir. 1988) ("By its very nature, a name-clearing hearing is something that loses value the longer it is delayed.").

## CONCLUSION

For the above-stated reasons, this Court should grant Plaintiff's Motion for Partial Summary Judgment on her procedural due process claims.

Date: May 8, 2026


Respectfully Submitted,


*/s/ Abbe David Lowell*
Abbe David Lowell (D.C. Bar #358651)
David A. Kolansky (D.C. Bar #7680722)
Isabella M. Oishi (D.C. Bar #7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com


*/s/ Heidi R. Burakiewicz*
Heidi R. Burakiewicz (D.C. Bar #473973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com


 */s/ Mark S. Zaid*
Mark S. Zaid (D.C. Bar #440532)
Bradley P. Moss (D.C. Bar #975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com


*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003

T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org


*/s/ Margaret M. Donovan*
Margaret M. Donovan (*pro hac vice*)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com


*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
Fluet
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
kbyrnes@fluet.law
e-file@fluet.law
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing Memorandum in Support of Plaintiff's Motion for

Partial Summary Judgment on May 8, 2026, with the Clerk of Court using the CM/ECF system,

which will send a notification of filing to all counsel of record.

*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
