**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MARY COMANS,

*Plaintiff*,

*v.*

EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,

*Defendants*.

No. 1:25-cv-01237-MSN-WEF

**PARTIES' JOINT SUBMISSION CONCERNING NAME-CLEARING HEARING**

Pursuant to the Court's July 21, 2026 Memorandum Opinion and Order (ECF No. 64) (the "Order"), and the Court's directions at the July 17, 2026 hearing (ECF No. 63), Plaintiff Mary Comans and Defendants Executive Office of the President, Department of Homeland Security, and United States of America (together, the "Parties") hereby provide this submission outlining the procedure for the name-clearing hearing. The Parties have not been able to reach a full agreement on those procedures. The Parties thus provide their respective positions below.

**On the evening of July 27, Plaintiff proposed the following to Defendants:**

1. The parties will be entitled to conduct limited discovery prior to the hearing.
   a. Plaintiff will be entitled to serve up to 15 interrogatories intended to (1) identify any facts supporting the truth of the stigmatizing statements, all persons with knowledge of those facts, and all documents relevant to the existence of those facts, (2) discover any dissemination of the stigmatizing statements or similar statements by Defendants or their employees, officials, or agents other than those alleged in the complaint, and (3) discover the identify of any persons who provided information about Plaintiff to Laura Loomer.

b. Plaintiffs will be entitled to copies of all documents identified in the Defendants' answers to interrogatories.

c. Plaintiffs will be entitled to serve up to 20 requests for production of documents.

d. Plaintiffs will be entitled to serve requests for admissions.[1]

e. Plaintiffs will be entitled to take up to 5 depositions. Defendants will produce any of their employees or officials for those depositions upon request.

f. Plaintiffs will have the right to obtain and serve subpoenas in order to secure the presence of other witnesses either for deposition or at the hearing.

2. The hearing will take place no later than September 30, 2026.

3. The hearing will be open to the public and shall be proceeded by sufficient notice so that those who wish to attend may do so.

**Defendants responded on July 30, 2026:**

As a threshold matter, Defendants respectfully submit that the Court should defer the name-clearing hearing until resolution of Defendants' pending appeal. *See* Notice of Appeal (filed July 21, 2026 (ECF No. 67)) (appealing the Order and the Judgment (as well as those prior opinions and orders that provide the legal basis for both), to the U.S. Court of Appeals for the Fourth Circuit). Defendants will be challenging, among other things, the Court's legal basis for ordering the name-clearing hearing, so the Court should defer the hearing until Defendants have the opportunity to address on appeal these issues. For example, if, as Defendants contend, Plaintiff is removable at-will under Article II, then the order directing the name-clearing hearing is unwarranted, because there would be no underlying liberty interest violation; put differently, the Court would have erred in using the removal as part of the basis for recognizing a liberty interest,

[1] This paragraph was inserted after Defendants' initial response.

because that would unconstitutionally burden the Executive Branch's prerogative under Article II to remove Plaintiff for any reason or no reason at all.

Moreover, if the Court were to proceed with the name-clearing hearing, it almost certainly would conclude prior to the resolution of Defendants' pending appeal. The appeal therefore would come too late for Defendants to avoid the harms of the hearing. Conversely, Plaintiff has not identified any imminent harms that would warrant scheduling the hearing prior to resolution of Defendants' pending appeal.

To the extent the Court disagrees with this threshold position, and proceeds with a name-clearing hearing pending the appeal, Defendants respectfully state and propose as follows:

1. In the specific circumstances here, the government has no interest in refuting evidence that Plaintiff might provide at the hearing for the purpose of "name clearing." As the Court observed from the outset, the government formally terminated Plaintiff on the basis of the President's Article II power, and not on the basis of misconduct allegations. *See* Order 1. And the Court has not ordered Plaintiff's reinstatement, regardless of the outcome of the hearing. In any event, in a name-clearing hearing, "the process due an individual is merely a hearing providing a public forum or opportunity to clear one's name, not actual review of the decision to discharge the employee." *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395 (5th Cir. 1989) (*citing Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 n.12 (1972)).

Accordingly, the fact discovery process, as proposed by Plaintiffs, is unwarranted and improper, and would neither serve the interests of justice nor be proportionate to the needs of the case. Instead, as explained further in point 2, *infra*, Defendants would agree not to oppose or dispute the material evidence which Plaintiff submits for the purpose of refuting any statements made by Defendants' officials or employees in connection with her removal, and not to submit

contradicting evidence or testimony.

2. Specifically, Defendants would not oppose the reasonable submission of documentary evidence or witness testimony as part of the name-clearing hearing—so long as there is no imposition of any discovery burden on Defendants to provide such evidence or witness testimony, or otherwise require the production of documents by Defendants, or the deposition or hearing testimony by Defendants' personnel.[2] Defendants would not contest or cross-examine witnesses introduced by Plaintiff, or introduce their own evidence or witnesses at any hearing. Defendants instead would allow Plaintiff to make her record, for the decider of fact to issue its decision on the basis of her submissions. To the extent Plaintiff does not otherwise have it, Defendants are willing to provide her with a complete version of her "eopf" file, reflecting her employment record.

3. Defendants reserve the right to seek immediate appellate relief of any order allowing or facilitating any compelled discovery, including any order requiring Defendants to participate in discovery (for example, responding to written discovery requests, and/or making witnesses available) or any order requiring any compliance with subpoenas.

4. Barring any effort by Plaintiff to require or compel discovery, the process Defendants have proposed should enable a prompt and expeditious "name clearing." By contrast, if Plaintiffs insist on needless discovery, which may force Defendants to seek immediate appellate relief, that could well delay and ultimately prevent the name-clearing hearing from happening at all, given Defendants' threshold legal objections to the validity of any hearing.

5. Alternatively, in the event the Court adopts Plaintiff's framework, Defendants

[2] To be clear, Defendants would oppose voluntary disclosures of privileged information from personnel, and compelled discovery from former personnel.

propose that Federal Rules of Civil Procedure Rules 33, 34, and 45 govern any discovery requests.[3] Defendants also propose (in that event) that the deadline for discovery be by Friday, September 11, 2026. Finally, Defendants reserve the right to further object to any procedures exceeding appropriate scope and limits under the due process standard, set in *Mathews v. Eldridge,* 424 U.S. 319 (1976). *See, e.g., Gunasekera v. Irwin*, 551 F.3d 461, 470 (6th Cir. 2009) ("In order to determine what the name-clearing hearing should entail and what its limits might be in each case, courts should again turn to the *Mathews* balancing test . . . . By applying this test to the facts of the case before it, a court can tailor a name-clearing hearing which allows the employee to challenge directly any public stigma while also accounting for any legitimate concerns of the employer.").

6. If the Court is not inclined to defer the hearing pending appeal, or at least adopt the procedures Defendants propose above, then Defendants respectfully request the opportunity to provide full briefing on this issue for the Court. The parties substantially differ on what any hearing should involve, and they have not yet briefed the scope of the "name clearing hearing." Defendants would propose that they brief this issue in 10-page briefs to be filed by August 14. At bottom, Plaintiff has failed to identify any reason for any discovery over a factual issue that will be uncontested at the name-clearing hearing. And Plaintiff identifies no reason why, under Defendant's proposed procedures, she would not show a preponderance of the evidence for a "name clearing" by the presiding Judge, unless her evidence is facially defective.[4]

**Plaintiff responds to Defendants' position as follows:**

Plaintiff agree to Defendants' Paragraph 5 and that the cited Federal Rules of Civil Procedures (Rules 33, 34 and 45) shall apply to all discovery except as ordered otherwise by the

[3] In this event, Defendants also agree with Plaintiff's proposal further below that Rules 30 and 36 apply as well.

[4] This paragraph was inserted after Plaintiff further responded, below.

Court. Plaintiffs propose that Rules 30 and 36 also apply except as ordered otherwise by the Court.

Plaintiff opposes deferring the name-clearing hearing until Defendants' appeal is resolved. Plaintiff do not concede that the Court's order constitute a final, appealable order. Defendants have filed no motion to stay the judgment. Contrary to Defendants' contention, Plaintiff suffers irreparable harm each day she is not allowed to clear her name while the false and stigmatizing statements remain in the public domain unrefuted. *See Lyons v. Barrett*, 851 F.2d 406, 411 (D.C. Cir. 1988) ("By its very nature, a name-clearing hearing is something that loses value the longer it is delayed."). That harm clearly outweighs any inconvenience Defendants would suffer from participating in limited discovery and a hearing as explained below.

While Defendants may "have no interest in refuting evidence the Plaintiff may provide at the hearing," Plaintiff has a right to obtain that evidence through the discovery procedures she proposes.

Defendants suggest that they would agree "'not to oppose or dispute the material evidence which Plaintiff submits . . . and not to submit contradictory evidence or testimony." Plaintiffs believe that concession may permit discovery to conclude after Defendants respond to requests for admissions, request for production of documents, and a single interrogatory asking Defendants to identify all individuals who participated in the events at issue or have knowledge of relevant facts. Plaintiffs will limit her initial discovery accordingly and then confer with Defendants concerning the need for any further discovery.

Plaintiff is entitled to a decision from the Magistrate Judge. Defendants' position is ambiguous on this issue. On the one hand, Defendants state that they "would allow Plaintiff to make her record, for the decider of fact to issue its decision on the basis of her submissions," *supra* para. 2, but, on the other hand, Defendants state that Plaintiff is not entitled to "actual review of

the decision to discharge the employee," *supra* para. 1 (citing *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395 (5th Cir. 1989)). But while Plaintiff concedes that the purpose of the name-clearing hearing is not to reverse "the decision to discharge the employee," it should result in a decision by the Magistrate Judge concerning whether the stigmatizing statements Defendants made about Plaintiff were false. *Rosenstein* is not to the contrary. In the successor case to *Roth*, the Supreme Court made clear in *Codd v. Velger*, 429 U.S. 624, 628 (1977), that a name-clearing hearing must result in a decision on the truth or falsity of the stigmatizing staements. The Court stated, "the contemplated hearing does not embrace any determination analogous to the 'second step' of the parole revocation proceeding, which would in effect be a determination of whether or not, conceding that the report were true, the employee was properly refused re-employment." *Id*. But the first step determination is required: "the hearing required by the Due Process Clause in order to revoke parole must address two separate considerations. The first is whether the parolee in fact committed the violation with which he is charged." *Id*. Here, the determination "analogous" to the first step of a parole revocation hearing is a determination of whether the stigmatizing statements were true or false.

Moreover, given the highly stigmatizing statements made by high government officials (Elon Musk and the official spokesperson for the Department of Homeland Security) and the extraordinary breadth and prominences of their dissemination (on X and in *The New York Times*), Plaintiff cannot possibly clear her name without a decision by an equally dignified official, like the Magistrate Judge, finding that the statements were false.

Defendants cite *Gunaserkera v. Irwin*, 551 F.2d 461 (6th Cir. 2009), for the proposition that this Court should apply the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine what process is due, but do not cite the Court's instruction in *Gunaserkera*

that a district court has discretion to make "the initial determination regarding the exact parameters of the name-clearing hearing due." *Gunaserkera*, 551 F.2d at 471. Here, Defendants made false statements that alleged illegal conduct and financial corruption on the part of a Chief Financial Officer and made those statements both to *The New York Times* and on X, thus reaching hundreds of millions of readers. Even accepting that *Mathews* applies here, the first factor of the three part test, "the nature of the private interest affected—that is, the seriousness of the charge," *id*. at 470, weighs heavily in favor of more protective procedures; the second factor, "the danger of error[5] and the benefit of additional or alternate procedures," *id*., weighs heavily in favor of permitting discovery when the evidence concerning the payments at issue and thus the basis for the stigmatizing statements is almost exclusively in Defendants' possession; and the third factor, "the public or governmental burden were additional procedures mandated," *id*., also weighs heavily in favor of the Plaintiff given the modest discovery she proposes. The D.C. Circuit's reasoning is directly on point: *"*Although we leave it to the district court to specify the precise contours of the . . . hearing, we note that the private interest affected by the Department's action in this case is quite substantial: it encompasses not merely a discrete employment opportunity but Doe's professional reputation and future career . . . . [In contrast,] the administrative burdens involved in a post-termination . . . hearing do not in any way interfere with the Department's *employment* decisions; the issue in the . . . hearing will be the veracity of the Department's charges, not the propriety of the discharge itself." *Doe v. U.S. Dep't of Just.*, 753 F.2d 1092, 1113–14 (D.C. Cir. 1985).

If requested by the Court, Plaintiff will provide further briefing on legal questions raised by the Parties' positions.

---

[5] Obviously, the consideration of this factor – "the risk of error" – makes clear that a decision is required of the Magistrate Judge concerning the falsity of the statements, otherwise there could be no "risk of error."

Dated: July 31, 2026

Respectfully submitted,

*/s/ Kevin T. Carroll*
Kevin T. Carroll, VSB# 95292
Mark S. Zaid (D.C. Bar #440532)
Bradley P. Moss (D.C. Bar #975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Kevin@markzaid.com
Mark@MarkZaid.com
Brad@MarkZaid.com

*/s/ Heidi R. Burakiewicz*
Heidi R. Burakiewicz (D.C. Bar #473973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com

*/s/ Abbe David Lowell*
Abbe David Lowell (D.C. Bar #358651)
David A. Kolansky (D.C. Bar #7680722)
Isabella M. Oishi (D.C. Bar #7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
Patriots Law Group
5819 Allentown Road
Suitland, Maryland 20746
T: 301-952-9000
KevinByrnes@patriotslaw.com

*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org

*/s/ Margaret M. Donovan*
Margaret M. Donovan (*pro hac vice*)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*Counsel for Plaintiff*

TODD BLANCHE
Acting Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Fax: (703) 299-3983
Email: Matthew.Mezger@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER HALL
Assistant Branch Director
Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN (DC Bar #495853)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0747
steven.m.chasin2@usdoj.gov

*Counsel for Defendants*