**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MARY COMANS,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,<br><br>*Defendants*. | No. 1:25-cv-01237-MSN-WEF |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM CONCERNING NAME-CLEARING HEARING**

This is an extraordinary case that merits a remedy that seeks to undo to the greatest extent possible the extraordinary damage Defendants have knowingly caused Plaintiff Mary Comans.

Defendants have now admitted that the statements at issue were not only false but that officials at the highest level of the Department of Homeland Security, including the Secretary, the General Counsel, and the Acting Administrator of the Federal Emergency Management Agency, knew they were false. Yet, those officials took no action to correct those knowingly false statements. They took no action at the time the statements were made. They took no action after this case was filed on July 24, 2025. Not until August 25, 2026, did Defendants admit the statements were false, and even then, only by inaction. Thus, the knowingly false statements have remained in the public record for 18 months.

Defendants had an obligation under the Due Process Clause of the Constitution to accord Ms. Comans a name-clearing hearing *before* making the stigmatizing statements. *Cannon v. Village of Bald Head Island*, 891 F.3d 489 (4th Cir. 2018) ("[T]he Fourteenth Amendment

required Defendants to afford the [employees] a constitutionally adequate name-clearing hearing *before* publicly disclosing false information regarding the basis for the [employees'] termination." *Id*. at 506 (emphasis in original). Had they provided such due process in a timely manner, it would have been clear that the statements would be false and perhaps Defendants would have been deterred from making the statements. But Defendants did not accord such timely due process and they have failed to take corrective action to date, thereby allowing the damage to Ms. Comans to accumulate and the value of the constitutionally required name-clearing hearing to deteriorate. *See Lyons v. Barrett*, 851 F.2d 406, 411 (D.C. Cir. 1988) ("By its very nature, a name-clearing hearing is something that loses value the longer it is delayed.").

Moreover, the dissemination of the knowingly false statements was on a scale unrivaled in any prior, reported case. Defendants have now admitted that the statements made by Special Government Employee Elon Musk was both false and knowingly false. Musk posted the statement on X, where, at the time of the posting, he had approximately 217 million followers. Elon Musk (@elonmusk), X (Feb. 10, 2025, 5:03 AM), https://x.com/elonmusk/status/1888891512303263815. Both Musk and Secretary Noem made knowingly false statements to Laura Loomer, who repeated the false statements on X where, at the time, she had approximately 1.5 million followers. Laura Loomer (@LauraLoomer), X (Feb 11, 2025, 10:54 AM), https://x.com/LauraLoomer/status/1889342176082927704. In addition, the Department's official spokesperson made knowingly false statements to *The New York Times*, which quoted the statements in a story at a time when the paper's circulation was 11.4 million. *See* Katie Robertson, *New York Times Reports 350,000 Additional Digital Subscribers*, N.Y. Times (Feb. 5, 2025), https://www.nytimes.com/2025/02/05/business/media/new-york-times-q4-2024-earnings.html?unlocked_article_code=1.9lA.9pAX.hKu8yyIsWZM-&smid=url-share. And that does

not even take account of other publications of the knowingly false statements and republication thereof.

Finally, the knowingly false statements caused extraordinary damage to Ms. Comans. Over the course of twenty-one years, Ms. Comans had worked her way up from a Presidential Management Fellow to be the Chief Financial Officer of a major component of a Cabinet-level Department. The false statements asserted that she has knowingly committed financial misconduct. The false statements asserted that that financial misconduct was a crime. And the false statements asserted that the financial misconduct was in direct violation of presidential orders. All of those are statements so clearly caused damage to Ms. Comans' reputation and professional opportunities that they would be considered defamation *per se* in every state in the United States.[1] In Virginia, for example, the statements that are considered defamation per se, and thus "necessarily hurtful," are:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

*Fleming v. Moore*, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981). Thus, the knowingly false statements were *per se* defamatory and "necessarily hurtful," not for one, not for two, but for three separate reasons (1, 3, and 4 above) under widely accepted defamation law.

---

[1] The Federal Tort Claims Act expressly excludes defamation actions and thus Plaintiff Comans may have no remedy for the injury to her reputation other than the subject name-clearing hearing. See 28 U.S.C. § 2680(h).

While no opinion of this Court can possibly undo the damage that Defendants' knowingly false statements have caused Ms. Comans, she nevertheless requests that this Court issue an opinion that finds that all of the statement were false and were knowingly false and that fully explains to the public the facts and circumstances of this extraordinary case.

Dated: September 4, 2026

Respectfully submitted,

*_/s/ Kevin T. Carroll_*
Kevin T. Carroll, VSB# 95292
Mark S. Zaid (D.C. Bar #440532)
Bradley P. Moss (D.C. Bar #975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Kevin@markzaid.com
Mark@MarkZaid.com
Brad@MarkZaid.com

*/s/ Heidi R. Burakiewicz*
Heidi R. Burakiewicz (D.C. Bar #473973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com

*/s/ Abbe David Lowell*
Abbe David Lowell (D.C. Bar #358651)
David A. Kolansky (D.C. Bar #7680722)
Isabella M. Oishi (D.C. Bar #7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org

*/s/ Margaret M. Donovan*
Margaret M. Donovan (*pro hac vice*)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
Patriots Law Group
5819 Allentown Road
Suitland, Maryland 20746
T: 301-952-9000
KevinByrnes@patriotslaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing Proposed Findings of Fact on September 4, 2026 with the Clerk of Court using the CM/ECF system, which will send a notification of filing to all counsel of record.

*/s/ Kevin T. Carroll*
Kevin Carroll, VSB 95292