**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MARY COMANS,<br><br>*Plaintiff*,<br><br>*v.*<br><br>EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,<br><br>*Defendants*. | No. 1:25-cv-01237-MSN-WEF |

**DEFENDANTS' SUPPLEMENTAL BRIEFING CONCERNING NAME-CLEARING HEARING**

Under the Court's August 28, 2026 Order (ECF No. 77) (the "Aug. 28 Order"), Defendants respectfully provide this supplemental briefing concerning the name-clearing hearing ordered by the District Court. *See* July 21, 2026 Mem. Op. and Order, 12-13, 16 (ECF No. 64).[1] At the outset, Plaintiffs' supplemental memorandum, filed today, does not request that the Court hold a hearing or schedule any further proceedings, so the parties appear to agree that no in-person hearing is necessary. *See* Pl.'s Supp. Mem. Concerning Name-Clearing Hearing (ECF No. 78) (requesting that the Court issue an opinion).

That makes sense here. Fundamentally, "[d]ue process requires simply the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Harrell v. City of Gastonia*, 392 Fed Appx. 197, 203 (4th Cir. 2010 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)). To determine the precise procedures, a court weighs the factors identified in *Matthews v. Eldridge.*

[1] Defendants respectfully preserve their objections to that remedy, including their argument that because Plaintiff is removable at will under Article II, the order directing a name-clearing hearing is unwarranted, because there would be no underlying liberty interest violation. *See generally*, Parties' Joint Submission Concerning Name Clearing Hearing, 2-3 (ECF No. 69).

*See Doe v. U.S. Dep't of Justice,* 753 F.2d 1092, 1113 (D.C. Cir. 1985); *id.* at 1105 n.15; *Gunasekera v. Irwin*, 551 F.3d 461, 470 (6th Cir. 2009) ("By applying [the *Matthews* balancing] test . . . a court can tailor a name-clearing hearing which allows the employee to challenge directly any public stigma while also accounting for any legitimate concerns of the employer."); *Boston v. Webb,* 783 F.2d 1163, 1167 (4th Cir. 1986) (balancing the *Mathews* factors). Judicially ordered name-clearing hearings have generally been conducted before the relevant agency, according to the relatively few reported decisions that have described or required them as a remedy. *See Wells v. Hico Indep. Sch. Dist*., 736 F.2d 243, 257 n.18 (5th Cir. 1984) ("The remedy for a deprivation of liberty is a name-clearing hearing before the governing body.")[2]

Importantly, "the hearing required where a nontenured employee has been stigmatized in the course of a decision to terminate his employment is solely to provide the person an opportunity to clear his name." *Harrell,* 392 Fed. Appx. at 203 (quotations omitted) (emphasis added). As the Fourth Circuit explained, "[T]he Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions. Instead, due process requires simply the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (cleaned up, quoting *Mathews,* 424 U.S. at 333). In other words, "the process due such an individual is merely a hearing providing a public forum or opportunity to clear one's name, not actual review of the decision to discharge the

[2] *See, e.g., Doe*, 753 F.2d at 1116 (where Department of Justice attorney was discharged amidst allegations of unprofessional conduct without a meaningful opportunity to contest those allegations or clear her name, "the [district] court must . . . determine the nature of the name-clearing hearing due the plaintiff and order the Department to conduct that hearing."); *Lyons v. Barrett*, 851 F.2d 406, 411 (D.C. Cir. 1988) ("[I]t is the district court's obligation to determine the precise nature of the name-clearing procedure that the government must provide . . . . [The district court] should have given the [U.S. Government Printing Office] a clearer indication of the form that the name-clearing hearing should take.") (quotation omitted); *Latinsky v. Engeleiter,* 1992 WL 112187, *1 (D.C. Cir. May 20, 1992) ("We remand with the instruction that the Small Business Administration be ordered to give [the terminated employee] a 'name-clearing hearing.'").

employee." *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395 (5th Cir. 1989) (*citing Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 n.12 (1972)). This is because "the constitutional harm is not the defamation itself; rather it is the denial of a hearing at which the dismissed employee has an opportunity to refute the public charge." *Willis v. City of Virginia Beach,* 90 F. Supp. 3d 597, 617 (E.D. Va. 2015) (quoting *Sciolino v. City of Newport News,* 480 F.3d 642, 649 (4th Cir. 2007)). *See also Doe*, 753 F.2d at 1114 ("[T]he issue in the [post-termination name-clearing] hearing will be the veracity of the Department's charges, not the propriety of the discharge itself."); *also id.* at 1112 n.21 (explaining the name-clearing hearing affords the "bare opportunity to be heard"); *id*. at 1103 (*"*The purpose of the due process hearing . . . was not to afford [plaintiff] an opportunity to recapture his previous employment but simply to clear his name.") (quotation omitted). Put differently: "The point of a name-clearing hearing is not to argue over the reasons for termination. Rather, the point is to give the employee the opportunity to argue, 'You made a statement about me that is ruining my reputation, and that statement is not true.'" *Jennings v. Cty. of Monroe*, 630 F. App'x 547, 556 (6th Cir. 2015).

Flexibility and informality therefore distinguish this hearing from other proceedings. "Name-clearing hearings are different from most hearings conducted by an agency. Unlike most hearings, they do not address the correctness of a particular course of action. They have no effect on the underlying decision to terminate an employee . . . . They simply permit a dismissed employee to clear his name." *Lyons v. Barrett,* 851 F.2d 406, 411 (D.C. Cir. 1988) (quotation omitted); *see also Gunasekera v. Irwin*, 678 F. Supp. 2d 653, 664 (S.D. Ohio 2020) (admonishing against "transform[ing] this entitlement of notice and an opportunity to be heard into something resembling a full-blown trial, designed to determine whether the [employer] properly disciplined

[the employee]"—"[t]his is not the purpose of a name-clearing hearing.");[3] *Latinsky v. Engeleiter,* 1992 WL 112187, *2 (D.C. Cir. May 20, 1992) ("[terminated employee's] right to a hearing does not, however, necessarily contemplate a trial-type hearing"); *see also Doe,* 753 F.2d at 1107 n.15 (referring to the "flexible name-clearing hearing") and *id*. at 1113 n.25 (emphasizing, "we hold *only* that a government employee must be afforded *some* opportunity to clear her name when the government has terminated her amidst defamatory charges that, in effect, have destroyed her professional reputation,")

Thus, "[i]n its essence, [the name-clearing] hearing demands that the person have the right to support his allegations by argument, however brief, and if necessary, by proof, however informal." *Endicott v. Huddleston,* 644 F.2d 1208, 1216 (7th 1980) ("the formality and procedural requisites for [a name-clearing] hearing may vary"). *See also Gardner v. Bottoms*, 2025 WL 799282, *10 (11th Cir. Mar. 13, 2025) ("Because each [terminated employee] had an opportunity to support his allegations by argument, however brief, and, if need be, by proof, however informal, the district court was correct to reject the claim that the hearing was constitutionally inadequate." (cleaned up, quotations omitted)).

In this light, and as the Court alluded to at the August 28 hearing, proceeding with an actual hearing would be unnecessary, given that Defendants have not contested Plaintiffs' proffered facts. *See* Parties' Joint Submission Concerning Name-Clearing Hearing, July 31, 2026, at 3-4 (ECF No. 69). Based on Defendants' position, the Court ordered on August 28 that "Plaintiff's proposed findings of fact are deemed admitted." *See* Aug. 28 Order. The Supreme Court has observed that,

[3] "[T]he Supreme Court suggested that a public employee's remedies are no greater even when the public employer's stigmatizing allegations against him or her are deliberate lies." *Hemmah v. City of Red Wing*, 592 F. Supp. 2d 1134, 1145 (D. Minn. 2008) *(citing Bishop v Wood*, 426 U.S. 341, 347 n.13 (1976) ("Indeed, the impact on petitioner's constitutionally protected interest in liberty is no greater even if we assume that the City Manager deliberately lied.")

"if the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation." *Codd v. Velger,* 429 U.S. 624, 627 (1977) (where plaintiff did not contest the truth of the underlying, allegedly stigmatizing information). Because there is no factual dispute here, where Defendants do not contest Plaintiff's factual account for purposes of a name-clearing hearing, proceeding with an actual hearing would serve no purpose.

Dated: September 4, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

/s/
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Fax: (703) 299-3982
Email: Matthew.Mezger@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER HALL
Assistant Branch Director
Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN (DC Bar #495853)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0747
steven.m.chasin2@usdoj.gov

*Counsel for Defendants*