**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MARY COMANS,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT *et al.*,<br><br>*Defendants*. | No. 1:25-cv-01237-MSN-WEF |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER REMEDYING DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**

In its Opinion of July 21, 2026, Dkt. No. 64, this Court granted summary judgment in favor of Plaintiff Mary Comans on both of her due process claims, holding that she was deprived of both property and liberty without due process. The Court granted a remedy for the deprivation of liberty without due process, ordering a name-clearing hearing, but granted no remedy for the deprivation of property without due process. *See id*. at 16. Ms. Comans has now moved for a remedial order addressing the deprivation of property without due process; specifically, Ms. Comans moves the Court to order Defendants to reinstate her with full-service credit and any other applicable benefits. That is the appropriate remedy for the reasons discussed below.

## I. Reinstatement Is the Appropriate Remedy for Public Employees Terminated Without Due Process

In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the Supreme Court made clear that a public employee who enjoys a property interest in continued employment, as

this Court has already held was true for Ms. Comans, Dkt. No. 64 at 6-11, cannot be terminated without a pre-termination hearing. 470 U.S. at 546. The Supreme Court reasoned:

> First, the significance of the private interest in retaining employment cannot be gainsaid. We have frequently recognized the severity of depriving a person of the means of livelihood. . . .
>
> Second, some opportunity for the employee to present his side of the case is recurringly of obvious value in reaching an accurate decision. Dismissals for cause will often involve factual disputes. . . . Even where the facts are clear, the appropriateness or necessity of the discharge may not be; in such cases, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect.

*Id*. at 543. Obviously, that critical pre-termination hearing cannot be provided *post*-termination. The employee must be reinstated in order to cure the constitutional violation.

For that reason, lower federal courts have held that reinstatement is the appropriate remedy for a public employee terminated without due process. For example, in *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994), the Eleventh Circuit held that the "proper remedies" for termination without due process "include reinstatement and the correction of any procedural defects in the means by which [the plaintiff] was terminated." Similarly, in *Skeets v. Johnson*, 805 F.2d 767, 775 (8th Cir. 1986), the Eighth Circuit concluded, "[w]e therefore hold that because [plaintiff] had a property right to continued employment until his 'cause' hearing, the district court was correct in awarding him reinstatement . . . until a proper hearing is held."[1]

[1] Here, as in the cited cases, Defendants will remain free to terminate Ms. Comans after she is reinstated if they provide the process that is due under the CSRA and the Due Process clause as well as demonstrate that there is cause for the discharge as required by the CSRA. But that appears unlikely given that, as part of the on-going name-clearing hearing process, Defendants have admitted that the stigmatizing statements they made concerning the cause of Ms. Comans' termination were not only false, but knowingly false. (Defendants did not object to any of the facts in Plaintiff's Statement of Material Facts, Dkt. No. 75, and thus the Magistrate Judge deemed them admitted pursuant to the process he had established for the name clearing hearing, *see* Dkt. Nos. 74 and 77.) Nevertheless, as we explained in our Memorandum in Opposition to Defendants' Cross-Motion for Summary Judgment, Dkt. No. 58 at 1, 12-13, Defendants will

## II. The Sovereign Immunity of Defendant Federal Officials Does Not Bar the Equitable Remedy of Reinstatement

The federal government's sovereign immunity is not a bar to reinstatement of an employee terminated without due process.

In *Strickland v. United States*, 32 F.4th 311 (4th Cir. 2022), the Fourth Circuit found that federal officials sued in their official capacity for terminating an employee without due process were not entitled to sovereign immunity in respect to prospective relief, including reinstatement or front pay in lieu of reinstatement. Plaintiff alleged that the officials

> "deprived [her] of her property interests without due process of law in violation of the Fifth Amendment to the United States Constitution." . . . In other words, [Plaintiff] alleged . . . that the Official Capacity Defendants exceeded the scope of their authority or acted unconstitutionally and that those actions were therefore ultra vires. [Plaintiff] in turn asked, in pertinent part, for declaratory relief ("Declare that Plaintiff's constitutional rights were violated"), injunctive relief ("Enjoin any further violation of Plaintiff's rights"), front pay ("Award Plaintiff appropriate front pay as equitable relief in lieu of reinstatement"), and back pay ("Award Plaintiff back pay as equitable relief from the unlawful termination of her employment pursuant to the Back Pay Act"). *Id.* at 101. These allegations, with the exception of the request for back pay, fall "squarely in the heartland of nonstatutory review over which federal courts have long exercised jurisdiction," and we therefore conclude that the Official Capacity Defendants are not entitled to sovereign immunity from these nonstatutory claims.

*Id.* at 365. *See also Hubbard v. EPA*, 982 F.2d 531, 532 (D.C. Cir. 1992), 949 F.2d 453 (D.C. Cir. 1991)(en banc) (holding that reinstatement of employee denied employment in violation of the Constitution was proper even though award of backpay was not). Thus, the prospective equitable relief of reinstatement and the restoration of all service credit and other benefits is both appropriate and available here.

---

remain free to transfer Ms. Comans to another position within the Senior Executive Service without cause or process under 5 U.S.C. § 3395(a)(1).

**Conclusion**

This Court should order Defendants to reinstate Ms. Comans and restore all service credit and any other applicable benefits as if she had never been terminated.

Dated: October 5, 2026

Respectfully submitted,


*/s/ Kevin T. Carroll*
Kevin T. Carroll, VSB# 95292
Mark S. Zaid (D.C. Bar #440532)
Bradley P. Moss (D.C. Bar #975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Kevin@markzaid.com
Mark@MarkZaid.com
Brad@MarkZaid.com

*/s/ Heidi R. Burakiewicz*
Heidi R. Burakiewicz (D.C. Bar #473973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com

*/s/ Abbe David Lowell*
Abbe David Lowell (D.C. Bar #358651)
David A. Kolansky (D.C. Bar #7680722)
Isabella M. Oishi (D.C. Bar #7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org

*/s/ Margaret M. Donovan*
Margaret M. Donovan (*pro hac vice*)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*/s/ Kevin Byrnes*
Kevin Byrnes, VSB 47623
Patriots Law Group
5819 Allentown Road
Suitland, Maryland 20746
T: 301-952-9000
KevinByrnes@patriotslaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing on October 5, 2026 with the Clerk of Court using the CM/ECF system, which will send a notification of filing to all counsel of record.

*/s/ Kevin T. Carroll*
Kevin Carroll, VSB 95292